## James Mix, impleaded, etc., *et al.*
### *v.*
## Peyton R. Chandler *et al.*

1. Pleading at law —*joinder in demurrer a mere formality.* It is no objection that a demurrer was taken up and disposed of without a formal joinder, and judgment rendered thereon. A joinder in demurrer is unnecessary.

2. Practice — *rules of — established by inferior courts.* This court will not reverse a judgment, merely on the ground, that the court, in rendering it, disregarded one of its established rules of practice, unless such violation be plain, and likely to result in injustice. A court is the best interpreter of its own rules.

3. Same — *construction of the thirty-fourth rule of the Superior Court.* Under the thirty-fourth rule of practice, adopted by the Superior Court of Chicago, it is proper for the court to dispose of a demurrer in a cause when reached upon the docket for trial, without any notice ; it being the duty of counsel to be present, and prepared for its disposition, whether upon an issue of fact or law.

APPEAL from the Superior Court of Chicago.

This was an action of assumpsit, brought by the appellees, Peyton R. Chandler, Samuel L. Keith, and Thomas Snell, against the appellant, impleaded with Benjamin F. Murphy, Leander E. Murphy, and Robert P. Murphy, at the May Term, 1865, of the Superior Court of Chicago. The further facts in this case are stated in the opinion.

Messrs. KALES & WILLIAMS, for the appellants.

Mr. GEORGE GARDNER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case the defendants demurred to the plaintiffs' replication. There was no joinder. When the cause was regularly called for trial the demurrer was heard and overruled, and damages assessed by a jury, upon whose verdict a final judgment was rendered. At a subsequent day of the term, one of the defendants moved to set aside the verdict and judgment, which motion was overruled.

It is urged for the appellants, first, that judgment was improperly rendered on the demurrer without a joinder, and, second, that the case was heard in violation of the rules of practice established by the Superior Court.

As to the first point, it is only necessary to say, as has often been said before, that a joinder was unnecessary.

As to the second, we would remark, that, as the Superior Court establishes its own rules of practice, and has the legal authority so to do, it must itself be their best interpreter, and we should not reverse a judgment merely on the ground that one of those rules had been disregarded, unless the violation was very plain and likely to result in injustice. In the present case we perceive no departure from the rules. The appellant insists that he was entitled to one day's notice of the argument of the demurrer. But the thirty-fourth rule provides that causes shall be disposed of as they are called numerically for trial, and all unexpired rules shall terminate on the call of the

cause for trial. It is the duty of counsel to be in court when their case is regularly reached upon the docket for trial, and prepared for its disposition, whether upon an issue of fact or law, and they cannot complain if, issue being joined, the court disposes of it in their absence. The one day's notice required by the rules was, no doubt, intended to apply only to those cases in which a demurrer is to be argued in advance of the calling of the cause for trial. Such seems to be the construction placed by the court on its own rules, and it seems to us not unreasonable.

*Judgment affirmed.*