KATHARINE SCHNEIDER *et al.*

*v.*

CONRAD SEIBERT *et al.*

1. BILL IN CHANCERY—*for partition—of the proper allegation as to title.* Where a bill in chancery, filed for a partition of lands, in setting out the title of the parties, alleges that their ancestor died, seized of the premises sought to be divided, and that he died intestate, and that they are his heirs at law, although the bill might be obnoxious to a demurrer for want of more specific allegation of title, it would be sufficient to support a decree for partition.

2. BILL OF INTERPLEADER—*in a suit for partition.* Where a bill is filed for a partition of lands among several joint owners, a judgment creditor of one of the parties having a lien upon the premises to the extent of the share of his debtor, has such an interest in the land as will authorize him to file a bill of interpleader, under the seventh section of the partition act, for the purpose of subjecting such share to the satisfaction of his debt.

3. A person interpleading in such a case, should also answer the original bill, and if he fails to do so, on motion made in the court below, he will be compelled to answer, or his bill of interpleader will be stricken from the files.

4. But if the objection be not taken in the court below, an omission to file an answer will not be ground for reversal, especially when it can be seen an answer could not have been of any service to any party to the suit, and of no importance to the rights of the party interpleading.

5. Where the jurat appended to a bill of interpleader of such character, states that the complainant deposed that it was true in substance and in fact, that is sufficient, although in the jurat the bill was called a plea; the jurat being attached to the bill, will be understood as referring to that and nothing else.

6. PARTITION—*order of sale—of the oath of the commissioners appointed to make partition.* In a suit in chancery for partition, the oath of the commissioners appointed to divide the lands, was objected to as insufficient to authorize an order of sale based upon the report of such commissioners, because in the title of the cause, as written over the oath, the christian names of two of the parties were given to the wrong persons, and the two parties were transposed as to their position as complainant and defendant; but there being enough to show the oath was in that proceeding it was held sufficient.

7. NOTICE *of the filing of a bill of interpleader—whether necessary.* Where a party files a bill of interpleader in a suit for partition, he is not required to give notice thereof to the complainants in the suit. When a plaintiff is prosecuting a suit in court, he must be presumed to have notice of every step taken or paper filed in the cause.

8. So, the omission to give such notice is no ground for granting a party leave to answer the bill of interpleader after he has permitted a default to be entered in respect to it, and a final decree rendered.

9. OF GRANTING LEAVE TO ANSWER—*after final decree.* Where a party to a suit in chancery, against whom a default has been taken and final decree entered, asks to have the decree opened and for leave to file an answer, he should present his answer on making his motion, in order that the court may see whether it presents a defense. Unless the answer is so presented the motion for leave to answer should be denied.

10. ENTERING DECREES OF RECORD—*duty of the clerk.* It is not the duty of the clerk of a court to draw decrees in chancery, but only to record them when drawn by counsel and approved by the chancellor, and such is the proper practice.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. WILLIAM H. UNDERWOOD, for the appellants.

Messrs. T. J. & L. KRAFFT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed by Conrad and Henrietta Seibert, in the St. Clair Circuit Court, against appellants, for partition and the assignment of dower. It alleges that in the year 1856, Jacob Braun died intestate, seized of the real estate described in the bill; that he left Katharina his widow, who has since intermarried with Conrad Schneider, and Katharina intermarried with Frederick Rodernisch, and Frederick Braun, George Braun, Jacob Braun, and Henrietta, intermarried with Conrad Seibert, and Amelia Braun, his children and heirs; that the widow is entitled to dower, and each of the children to one undivided sixth of the property. The bill prays assignment of dower and partition of the property. A guardian *ad litem* was appointed for the minor defendants, and a rule on defendants for an answer.

At the return term, Jacob Weyhopt, on leave of the court, filed a bill of interpleader. And the guardian *ad litem* filed an answer for the minors at the same term, and the adult defendants having failed to answer under the rule, the bill was taken as confessed as to them. A rule was taken on Frederick Braun and Conrad Schneider, to answer the bill of interpleader. The rule not being complied with, the bill of interpleader was taken as confessed. It alleged, that Frederick Braun was indebted to Weyhopt, in the sum of $361, by several judgments recovered before a justice of the peace, upon which execution had been issued and returned no property found, and transcripts had been taken and filed in the clerk's office of the circuit court, and had thereby become a

lien on his interest in this real estate; that Frederick Braun and wife, to defraud him out of his debt, had conveyed that interest to Conrad Schneider, for the pretended consideration of one hundred dollars; charges this conveyance to be fraudulent, and that no consideration was paid or received to support the deed; and it prays that the deed may be canceled and the share of Frederick Braun in the premises be applied to the satisfaction of his judgments.

On the hearing, at the September term, 1867, commissioners were appointed to assign dower and make partition of the premises. They reported at the same term that the premises are not susceptible of partition or assignment of dower, without manifest injury to the owners. The master, to whom the bill of interpleader had been referred, to hear and report the proof, made his report which was approved. A jury was empanelled to assess the yearly value of the widow's dower in the premises, and found it to be $45, and it was ordered to be paid in equal semi-annual instalments; and to be a lien on the lots. It was decreed that the lots be sold by the master in chancery, and that he pay the costs of the suit out of the proceeds, and the balance be paid to the parties according to their several interests, except the share of Frederick Braun, which, not exceeding $426.10, should be paid to Jacob Weyhopt, instead of to Jacob Braun; and the cause was continued.

The master sold the premises and made a report to the March term, 1868, of the court. And Conrad Schneider, at the same term, entered his motion for leave to answer the original bill and the bill of interpleader. The master's report was approved and the cause continued. At the July special term, 1868, Schneider's motion for leave to answer was overruled, and he brings the record to this court on appeal, and assigns various errors for a reversal.

It is first objected, that the court erred in decreeing the partition, because the bill failed to state the title to have been in fee or otherwise. Under our statute, such an allegation would, no doubt, be necessary, but whether a decree in such a case

would be reversed for the want of it, it is not necessary to determine in this case, as this is a bill in chancery. The bill alleges, that the parties are the owners of the lots, or, which amounts to the same thing, that their ancestor died seized of the premises, and that he died intestate, and that the parties are his heirs at law. Although not formal, or skillfully drawn, we think the allegation of the bill supports the decree. There is an averment that there was a legal seizin of the property, and this authorizes a court of chancery, when not objected to by demurrer, to decree a partition. If a demurrer had been filed for want of form, it would have been sustained, and the parties required to amend by making the allegation more specific.

It is insisted that the court erred in entertaining the bill of interpleader, because it was not properly sworn to when it was filed. The jurat states that complainant deposed that it was true in substance and in fact. It is true, it is called a plea, but that was not fatal, as the jurat was attached to the bill and manifestly refers to it, and could have referred to nothing else. This is not strictly a bill of interpleader, but is for a different purpose and of a different character. A bill of interpleader is where a person holds property or money, and two or more persons claim it, and he files a bill against them to compel them to settle their rights, that he may know to whom to pay the money or deliver the property, and in such a case it is necessary that complainant file an affidavit that the bill is filed in good faith and not in collusion with any of the parties.

This bill is called a bill of interpleader by our statute, the seventh section of the partition act permitting it to be filed. In this case, Weyhopt claimed to hold a lien on the premises to the extent of the share of one of the heirs, and to that extent he had an interest in the premises about to be partitioned, and hence he had the right to file his bill. And failing to answer the original petition was ground for exception in the court below, and should have been availed of in that court. Had a motion been made, the court would have compelled him

to answer, or have stricken his bill from the files, but it is no ground for a reversal, especially when we can see that an answer could not have been of any service to any party to the suit or of the slightest importance to the rights of Weyhopt. As a general rule, an appellate court never reverses unless it can be seen that injury or wrong has resulted or may have resulted to the party complaining of the action of the court.

It is also urged that the court erred in ordering the sale, when the report failed to show that the commissioners were sworn in the case, or that any proper report was filed, upon which to base the order.

It appears, that in the title of the suit written over the oath the name of Mrs. Seibert is written " Katharine," and as a defendant, and that of Mrs. Schneider is written " Henrietta," and as one of the complainants. In other respects, however, the title is correct, and it is properly entitled as a bill for partition. There is enough in this case to indicate that the oath is in this proceeding. And the body of the oath is sufficiently full and comprehensive, and being sufficient, it supports the report of the commissioners.

It is urged that as Conrad Schneider had no notice of the filing of the bill of interpleader, he should have been let in to answer the bill. When a plaintiff is prosecuting a suit in court he must be presumed to have notice of every step taken or paper filed in the cause. Our practice does not require that the parties should be served with notice of each step taken. They have access to the files and have knowledge, or the means of knowing, that papers are filed, and they must regard them or be responsible for the consequences of their neglect. This constituted no ground for granting leave to answer. Again, the record fails to show that his answer was prepared and submitted with the motion, that the court might see whether or not it presented a defense. This is the well and uniformly established practice, and the court should deny the motion unless the answer is presented on the motion. After having suffered the default and permitted the cause to

progress to a hearing, final decree, and a sale under it, the party should present a strong case to be entitled to leave to open the decree by filing an answer.

In this case, all of the orders seem to have been entered by the clerk, and they are very inartificially drawn, and it requires some effort to arrange them in such order as to present the substance of the proceedings had on the trial and other steps that were taken in the case. In cases of importance, and such as affect the title to real estate, it is important that orders and decrees in chancery should be regular, and for the protection of litigants the solicitors should draw them and have them recorded under the direction of the presiding judge. All form should not be dispensed with in this class of cases. The great majority of men suppose, and have a right to suppose, that when a decree is rendered ordering the sale of real estate, the decree is at least formal and is good in substance. It has never been regarded as the duty of the clerk to draw decrees in chancery, but only to record them when drawn by counsel and approved by the chancellor. Although informal, and unskillfully drawn, the decrees and orders in this case sustain the sale. And we perceive no error requiring the reversal of the decree of the court below, and it must be affirmed.

*Decree affirmed.*