THOMAS J. SMITH

*v.*

JOHN C. BARLOW.

PRACTICE—*order of trial on docket.* Where a case numbered 99 on the docket, was tried, in the absence of defendant's counsel, before cases numbered 75 and 81, which counsel had been informed would be tried by a jury, and the record failed to show what disposition had been made of the preceding cases: *Held*, that if they were passed without being finally disposed of for the term, it would be presumed, in the absence of any statement in the record, that the court had good and sufficient cause for what was done.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of assumpsit, by John C. Barlow, against Thomas J. Smith, upon a promissory note. The cause was tried in the absence of defendant's counsel, and a verdict found in favor of the plaintiff. The court overruled a motion by defendant for a new trial, and rendered judgment on the verdict.

Mr. WILBUR F. HENRY, for the appellant.

Mr. C. A. ROBERTS, and Mr. N. W. GREEN, for the appellee.

Per CURIAM: The only ground upon which a reversal is asked in this case is, that it stood as number 99 on the docket in the circuit court, and was tried, in the absence of defendant's counsel, before cases numbered 75 and 81, which counsel had been informed would be tried by a jury. It is true, the statute requires cases to be tried or otherwise disposed of in the order in which they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct. This record does not show what disposition was made of cases 75 and 81, but if they were passed without being finally disposed of for the term, we must presume, in the absence of any statement of the cause in this record, that the court had good and sufficient cause for what was done. We may further remark that the suit is upon a promissory note, and, on the motion to set aside the verdict, there was filed no affidavit of merits entitled to consideration.

The judgment of the court below is affirmed.

*Judgment affirmed.*