WILLIAM ETTINGHAUSEN

*v.*

MARIA A. MARX.

1. PRACTICE—*in Cook county courts.* Each judge does not hold a distinct and separate circuit court in Cook county, but the circuit court of that county consists of five judges, and any arrangement made regarding the trial of causes, between the judges themselves, ought not to be reviewed in this court without very strong reason.

2. Where a cause, being within the call of the trial calendar, was, on December 20th, sent for trial by Judge Booth to Judge Rogers of the same court, when a trial was had without the defendant being present, and the defendant, two days after, moved to set aside the verdict, on affidavit that the cause was placed upon the docket of the first named judge in accordance with the rules and practice of the court, and stood there as No. 256, and that Judge Booth had previously ordered the call for that day should commence with No. 138, and from 250 to 264, inclusive, and that the trial of No. 138 commenced in the forenoon of that day and continued for several days, and that defendant had no knowledge of the transfer, the affidavit not denying the cause of action, *held,* that no sufficient cause was shown for setting aside the trial.

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. HENRY D. P. HOISER, for the appellant.

Mr. ARNOLD TRIPP, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill of exceptions in this case shows that on December 20, 1875, this cause being then within the call of the trial calendar before the Hon. Henry Booth, one of the judges of the circuit court of Cook county, was, among other cases, called for trial, the plaintiff appearing and the defendant not appearing; that Judge Booth sent the cause for trial to the Hon. John G. Rogers, one of the judges of said circuit court, before whom and a jury, the defendant not appearing, a trial of the cause was then had, and a verdict for $150 returned by the jury.

On the following 22d day of December the defendant

moved to set aside the verdict, which motion was overruled. This is assigned as error.

The motion was supported by affidavit that it was the rule and practice in the court that the common law cases on the term docket of even numbers were placed on the trial calendar of Judge Booth, and those of uneven numbers were placed on the trial calendar of Judge Rogers; that the cause was placed on the trial calendar of Judge Booth, and stood thereon as No. 256, and that it was not on the trial calendar of Judge Rogers; that Judge Booth had previously ordered that the call for December 20th should commence with No. 138, and from 250 to 264 inclusive; that the trial of No. 138 commenced in the forenoon of December 20th, and continued throughout that day, and for several days thereafter; that defendant had no knowledge of the transfer of the cause to Judge Rogers, not being present at the time, as he was relying upon the supposition that the cause would not be called for trial except in its order on the docket; that the transfer of the cause was without any application for a change of venue.

It is urged that the calling of the cause for trial was out of its order, and that the transfer of the cause to Judge Rogers was irregular.

It was held in *Smith* v. *Barlow*, 67 Ill. 519, that where a later cause on the docket was tried in the absence of defendant's counsel, before cases standing earlier, which counsel had been informed would be tried by jury, and the record failed to show what disposition had been made of the preceding cases, if they were passed without being finally disposed of for the term, it would be presumed, in the absence of any statement of the cause in the record, that the court had good and sufficient cause for what was done.

It was also held, in *Mix* v. *Chandler*, 44 Ill. 174, that the court below was the best interpreter of its rules of practice, and that a judgment should not be reversed merely on the ground that one of those rules had been disregarded, unless the violation was very plain and likely to result in

injustice; and that it is the duty of counsel to be in court when their case is regularly reached upon the docket for trial, and they can not complain if, issue being joined, the court disposes of it in their absence.

Each judge does not hold a distinct and separate circuit court in Cook county, but the circuit court of that county consists of five judges, and any arrangement made regarding the trial of causes, between the judges themselves, ought not to be reviewed in this court, at least without very strong reason.

The action here was trespass for an assault and battery. The affidavit virtually admits the cause of action, and sets up as the matter in defense what would go only in mitigation of damages.

The verdict and judgment were for $150. We do not consider that there is such a case here presented as requires that the verdict should be set aside, and the judgment is affirmed.

*Judgment affirmed.*