DAVID ANDREWS

v.

ALEXANDER C. CAMPBELL.

*Filed at Ottawa, March 23, 1880.*

1. DEFAULT—*setting aside discretionary.* A declaration was filed in apt time, with an affidavit of claim, and a default was taken, and an affidavit of a meritorious defense was filed by the defendant, and also that of his attorney that he had prepared a plea a few days before the term, and the defendant attached thereto an affidavit verifying his plea and setting out his defence, and the attorney placed the plea and affidavit in the hands of a young man in his office, who usually attended to having his papers filed, with directions to file them, and the attorney supposed they had been filed until the day of the default, and he learned of the default on the tenth of the month, and a motion to set aside the default was not made until the seventeenth day of the same month, and no explanation was given for the delay in making the motion: *Held,* that this court could not say there was any such abuse of discretion in refusing the motion as to authorize a reversal of the judgment.

2. The setting aside of a judgment by default is a matter of discretion of the court in which the default is entered, the exercise of which will not be interfered with except when it appears such discretion has been abused.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. STEWART & MOSS, for the appellant:

The theory of the law is, that when parties have shown diligence in making their defence, but have failed because of some accident, they should have an opportunity to try their cause. It was unjust to allow the judgment to stand against him when it clearly appeared that the transaction was different from that into which appellant intended to embark. *Union Hide and Leather Co.* v. *Woodley,* 75 Ill. 435.

Mr. JOHN I. BENNETT, for the appellee:

The law as to setting aside defaults in this State is well settled to be—

1. That it is a discretionary power of the court which can not be inquired into on appeal or writ of error.

2. That a court will not necessarily set aside a default even when there is diligence and defence shown.

3. That where either diligence or a defence is not shown the court can not disturb a judgment by default. *Garner et al.* v. *Crenshaw*, 1 Scam. 143; *Wallace* v. *Jerome*, id 523; *Harrison* v. *Clark*, id. 131; *Woodruff* v. *Tyler*, 5 Gilm. 457; *Greenleaf* v. *Roe*, 17 Ill. 474; *Cox* v. *Brackett*, 41 id. 225; *Scale* v. *Labor*, 51 id. 232; *Fergus* v. *Garden City Mfg. Co.* 71 id. 51; *Edward* v. *McKay*, 73 id. 570; *Peoria and Rock Island Ry. Co.* v. *Mitchell*, 74 id. 394; *Union Hide and Leather Co.* v. *Woodley*, 75 id. 435; *Powell* v. *Clement*, 78 id. 20; *Constantine* v. *Wier*, 83 id. 193.

Per CURIAM: Campbell brought an action of assumpsit against Andrews, to the May term, 1877, of the Superior Court of Cook county. Summons was duly served, and on the second day of the term (declaration and affidavit of claim having been filed in apt time), the defendant failing to appear or plead, his default was entered, damages assessed, and judgment against him for $1724.99 and costs.

A few days after, at the same term, defendant appeared and moved the court to set aside the default and permit him to plead to the merits. This motion was overruled, and to this ruling defendant excepted and appeals to this court.

The only error assigned is, that the court improperly denied the motion.

On this motion defendant produced his own affidavit, that he had a meritorious defence, and his own affidavit and that of his attorney, that a few days before the beginning of the term defendant employed an attorney to defend him in this action, and that the attorney prepared a plea to the merits, and defendant attached thereto his own affidavit verifying the plea and setting out his defence; and that the attorney thereupon placed the plea and affidavit in the hands of a young man in his office, who usually attended to having his papers filed, with directions to file them, and that the attorney sup-

posed the plea, and the affidavit of merits thereto attached, had been placed on file until the day after the default was entered.

On this showing of the defendant the Superior Court, perhaps not improperly, might have allowed the motion, but the setting aside of a default is a matter within the discretion of the court in which the default is entered. The exercise of that discretion will not be disturbed in an appellate court, except in cases where it appears affirmatively that such discretion has been abused and injustice done.

It appears by the affidavit of defendant's attorney, that he knew of the taking of the default on the tenth day of the month, the default having been taken on the ninth, and the motion to set aside the default was not made until the seventeenth day of the month. There is no explanation whatever of the delay in making the motion. Such delay might have occasioned the loss of a trial at that term had the motion been granted, when it might have been otherwise had the motion been made and allowed immediately upon the knowledge of the default coming to the attorney. Such delay in making the motion may have influenced the exercise of the discretion of the court. We can not say there was here such abuse of the discretion of the court that we should interfere with its exercise.

The judgment will be affirmed.

*Judgment affirmed.*