FRANCIS E. HINCKLEY

*v.*

M. S. DEAN.

*Filed at Ottawa November 20, 1882.*

1. RULE OF COURT—*providing preliminary call of docket to ascertain cases for trial, is valid.* A rule of court, providing for a preliminary call of the docket of the first fifty cases on the first day of each term of court, on which call the cases shall be either marked for trial, dismissed, or continued for cause shown, and that if neither party answers, the case shall be dismissed, and that at the close of the preliminary call the court will announce the number of cases, not exceeding fifty, subject to a similar call on the next day, is not repugnant to the provisions of any statute, and is a proper and valid rule. Such rule is a proper exercise of the discretion given the court in section 17 of the Practice act, and is not arbitrary or uncertain in its operation, and does not necessarily work any hardship.

2. SAME—*all the judges of the court not required to act jointly in making.* A rule of court adopted in a branch court of the Superior Court of Cook county, applicable only in such branch, is not invalid or void because not adopted by all the judges of such court, and made uniform in each branch of such court.

3. SUPERIOR COURT OF COOK COUNTY—*powers of judges holding branch courts.* The law has empowered each of the judges of the Superior Court of Cook county to hold a branch court, and this power to act as a court implies authority to exercise the full powers and functions of a court, among

which is the power to make and enforce rules of practice not repugnant to the statute. All of such judges being authorized to hold separate courts, each, when so acting, may exercise all the judicial powers of the court.

4. SAME—*each judge holding branch court bound by its rules.* Where a rule of court is adopted in any branch court of the Superior Court, applicable only in such branch court, any of the judges holding that branch will be governed by such rule.

5. CONSTITUTION—*clause relating to courts construed.* Section 29, article 6, of the constitution, requiring all *laws* relating to courts of the same grade to be uniform, etc., refers alone to laws passed by the legislature, and not to mere rules of court regulating practice.

6. PRACTICE—*dismissal under rule of court.* Under a rule of court providing for a call of the docket to ascertain the cases to be set for trial, and that if neither party answers on such call the suit shall be dismissed, an appeal may properly be dismissed, on motion of the appellee, on such preliminary call, the appellant failing to appear or answer.

7. SAME—*when defendant appealing fails to appear, a trial by jury not required.* It is not error to dismiss an appeal taken by a defendant from the judgment of a justice of the peace, for want of prosecution, without a trial by jury. The defendant not appearing, the plaintiff is not required to establish his demand before a jury before the appeal is dismissed.

8. DEFAULT—*setting aside, a matter of discretion.* The setting aside of a default or dismissal of an appeal for want of prosecution, is a matter addressed to the discretion of the court, and the exercise of such discretion will not be interfered with by a court of review unless it is clear that it has been abused, to the injury of the party in default.

9. SAME—*sufficiency of affidavit for setting aside.* Where an appeal was dismissed for want of prosecution, a motion was made fifteen days afterward to set aside the order of dismissal and reinstate the case on the docket, based on affidavit that the appellant and his attorney were absent from the State, attending to legal business of appellant, at the time the appeal was dismissed, it not appearing that his attorney had no partner or clerk that could have answered to the call of the case, it was *held* no abuse of discretion in refusing the motion.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. GEO. W. COTHRAN, for the appellant:

The rule under which the appeal in this case was dismissed is void, as being in contravention of section 16 of the Practice

act, requiring all causes to be tried or disposed of in the order they are placed on the docket. This court has repeatedly held that the five day rule of the Superior Court of Cook county was void, under the statute referred to. *Benson* v. *Johnson*, 90 Ill. 94; *Clapp* v. *Rauch*, id. 468; *Braidwood* v. *Weiller*, 89 id. 606; *Griswold* v. *Shaw*, 79 id. 449; *Fisher* v. *National Bank of Commerce*, 73 id. 34; *Kidder* v. *Rand*, id. 38; *Angel* v. *Blume & Atwood Manf. Co.* id. 412. See, also, *Nelson* v. *Akeson*, 1 Bradw. 165; *Smith* v. *Lozano*, id. 172; *Sea* v. *Glover*, id. 335; *Brown* v. *Davis*, 3 id. 639.

Courts may adopt rules in furtherance—not in contravention—of law. *Rozier* v. *Williams*, 92 Ill. 190; *Linnemeyer* v. *Miller*, 70 id. 244.

A single judge holding a "branch term" of a court composed of seven judges, has no authority to establish a general rule of practice. Rules of practice must be·uniform in all branches of the Superior Court of Cook county, within the requirements of section 29, article 6, of the constitution.

· On an appeal from a justice's court the appellant is entitled to a new trial; and unless this court conceives itself bound by the law of *stare decisis*, established by the case of *Lawler* v. *Gordon*, 91 Ill. 602, and cases cited therein, it was error to dismiss the appeal, instead of requiring the party to prove his cause of action. *Kilian* v. *Clark*, 9 Bradw. 430.

The court erred in overruling the motion to set aside the default. It is submitted that the affidavit read on the motion sufficiently excused the absence of appellant at the call of the case.

Messrs. QUIGG & TUTHILL, for the appellee:

The rule does not conflict with any statute of the State, and is reasonable and just. Its operation is to weed out the rubbish—to eliminate from the call dead and abandoned cases, and to reduce the calendar to a working basis, and save expense to litigants. The cases, under this rule, are

twice called,—preliminarily and peremptorily. The statute provides, that "all cases shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct." (Rev. Stat. chap. 110, sec. 17.) If the continuance or dismissal of a cause or appeal is not a disposition of the same, in its order, on the first call, then the court, by this general rule, for sufficient cause has directed otherwise.

Each judge of the circuit and Superior courts of Cook county is invested with all the powers of any other circuit judge, and may hold the court of which he is a member. Const. 1870, art. 6, sec. 24.

The constitutional prohibition against legislation destroying the uniformity of the organization and practice of all courts of the same class, has no reference to rules of court, but only to laws of the legislature.

It is matter of sound discretion whether the court will set aside an order dismissing an appeal, and unless such discretion is abused this court will not interfere. *Peoria and Rock Island Ry. Co.* v. *Mitchell,* 74 Ill. 396; *Smith et al.* v. *Davis, Admr.* 89 id. 205.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action *ex contractu,* brought originally before a justice of the peace in Cook county. Appellee recovered a judgment before the justice for $137.50, and costs. Defendant appealed therefrom to the Superior Court of that county. The case was dismissed for want of prosecution, under a rule of court made and entered on the records of the court on the 14th of February, 1880. The rule is this:

"*Ordered,* That the following be entered of record for reference, and for information of attorneys as to the manner of calling and disposing of cases in the branch of the Superior Court of Cook county presided over by Sidney Smith. Im-

mediately upon the opening of court on Monday, January 5, 1880, there will be a preliminary call of the first fifty cases. On this call cases will be either marked for trial, dismissed, or continued for cause shown. If neither party answers, the case will be dismissed. After motions there will be a peremptory call of cases marked for trial. At the conclusion of the preliminary call the court will announce the number of cases, not to exceed fifty, which will be subject to preliminary call at the opening of court the following day; and such will be the course of proceedings from day to day, till further announcement.

"The rule had been published in the 'Chicago Law Bulletin,' which has a general circulation among the members of the Chicago bar, and was also published in the daily papers of the city. The rule was generally known to attorneys practicing in the court. The rule had been acted upon from the time of its adoption, from time to time. When the judge began the call of cases upon the trial calendar, a preliminary call of fifty had been made, from time to time, under the rule, notice having been given thereof on the morning the calls were made, in the 'Law Bulletin' and the daily papers of the city. On the morning of October 14, 1881, a notice was published, by the authority and direction of the said judge of said court, in said 'Law Bulletin,' and in each of the daily newspapers published in said city of Chicago, in the place where the proceedings of the branch of said Superior Court presided over by said Sidney Smith, judge, were printed, to the effect that on the opening of court on said 14th day of October, 1881, there would be a preliminary call of said calendar, beginning at No. 400 and extending to No. 450, inclusive, on said calendar. On the 14th day of October, 1881, the number on the trial calendar of said cause was 410. No. 400 on said trial calendar had not, at said date, been disposed of by trial, continuance, or otherwise. Upon the opening of court on the morning of said day last aforesaid,

the judge of said court, in pursuance of said rule of court and said published notice, proceeded to make a preliminary call of said trial calendar from No. 400 to No. 450, under said rule, and upon reaching said No. 410 on said call, counsel for the defendant not then being present, counsel for the plaintiff being present, the appeal of said cause from the justice's court was dismissed, on motion of the appellee."

This case would not have been reached, in a regular call and trial of the docket, until the 24th of the month. On the 31st day of the same month, appellant, by his counsel, entered a motion to set aside the order dismissing the appeal. The motion was based on an affidavit that appellant and his attorney were absent from the city, attending to legal business of appellant in the State of Iowa, at the time the appeal was dismissed. The court overruled the motion, and refused to reinstate the cause for trial, and appellant appealed to the Appellate Court, where the judgment of the Superior Court was affirmed, and the case comes to this court under a certificate, in pursuance of the statute.

It is insisted the court had no power to make and enforce such a rule, and it is void, and being void the court had no power to dismiss the appeal before it was regularly called for trial; that the court had no power to dismiss the appeal, but appellee was required to prove his case, and have the finding of a jury in the case; and that the court erred in not setting aside the order dismissing the appeal on the ground disclosed in the affidavit, on which the motion was made.

We are referred to sec. 17, chap. 110, Rev. Stat. 1874, entitled "Practice." It provides, that "all cases shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct," etc. It is claimed that the object of the rule, and the purpose to be accomplished by it, do not constitute good and sufficient cause for such a preliminary call, and to do so is to call and dispose of cases out of their

order on the docket.   The dispatch of business, the saving
of time and expense to litigants, witnesses and jurors, almost
imperatively demand that some discretion, or at least power,
must be possessed by the judge over his docket.   This rule
enables the judge, in advance, to ascertain what cases will
be for trial.   On the preliminary call causes not ready can
be continued, defaults entered, and appeals dismissed for ·
want of prosecution, so the court can fix in advance the cal-
endar for trial on each day.   It was for just such purposes,
and others, that the statute gave the discretion to the judge
to dispose of cases out of their order, for good and sufficient
cause.   It is within the provisions of the statute.   The rule
operates fairly, equally and uniformly on all litigants.   It is
not arbitrary or uncertain in its operation, and all have due
and timely notice of each preliminary call of fifty cases.   We
therefore regard the rule as fully warranted by the statute,
and that it tends to the dispatch of the business of the court
without jeopardizing the rights of litigants, nor is it calculated
to work hardship or injustice.

It is contended, that if the rule is not repugnant to the
statute, still the Superior Court consists of seven judges, and
the rule could be adopted alone by the court composed of the
seven judges, and that one of the seven, holding a branch of
that court, has no power to establish and enforce rules of
practice,—that the constitution and statute have only con-
ferred the power on the Superior Court, composed of all its
judges, to adopt rules of practice.   If this be the true con-
struction of those instruments, then every question presented
for decision, when it relates to practice in the court, would
require the action of the seven judges for its determination.
And not only so, but the same would be true of the circuit
courts.   Such a construction would render the administration
of justice impracticable.   It would defeat the great purpose
of the establishment of our courts of justice.   Every step
taken and everything done in a case, from its inception to its

termination, has a prescribed mode, and that mode relates to and is a part of the practice of the court. Nor does or can the practice of any two judges of that or other courts conform in every particular. If the construction contended for were adopted, then a deviation from the same rule, in any particular, would be error, and but few judgments could be maintained. Justice would be defeated and the courts rendered useless, if not worse.

The 29th section of article 6 of our constitution will not bear the construction contended for by appellant. It provides, that "all laws relating to courts shall be of general and uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law,    *    *    *    shall be uniform." From the reading of this section it is *too* plain to be misunderstood that it refers alone to legislation, and not mere rules of court regulating practice. There can be no question that the practice there referred to is that regulated and prescribed by legislative action. It would be simply impossible for the General Assembly to regulate the details and minutiæ of the practice in our courts. The General Assembly has authorized these courts to adopt rules of practice not inconsistent with statutory rules, and it has fully empowered the judges of the Superior Court each to hold a branch court, and the power to act as a court implies the power to exercise the full powers and functions of a court, and of these is the power to make and enforce rules of practice not repugnant to statutory provisions. It is true that the Superior and circuit courts of Cook county consist of a number of judges, and so does the circuit court in each circuit outside of Cook county; but we are aware of no statute that requires them to act conjointly in the performance of any judicial function. They are all authorized to hold separate courts, and this authority necessarily empowers them, severally, when so acting, to exercise all judicial power of

the court. It may be that the General Assembly has power to require all the judges of a circuit, or the full number of the judges of the Superior Court, to act together as one court, and to perform duties and functions of a court; but we are not aware that such power has yet been conferred. This was a branch of the Superior Court, and the rule was adopted by and professes to apply only to, and to govern the practice in, that branch, and any other judge holding that branch of the court would be governed by the rule as in a branch circuit court; the judge holding a branch circuit court in different counties must be governed by the rules of practice in force in each county. Moreover, there is nothing in this record from which it may be inferred that the same rule has not been adopted in the other branches of this court. The views here expressed are sustained in the case of *Ettinghausen* v. *Marx*, 86 Ill. 475.

The case of *Lawler* v. *Gordon*, 91 Ill. 602, and the cases there cited, are conclusive that it was not error to dismiss the appeal for want of prosecution, and without a trial by jury. Those cases accord with the practice that has prevailed in this State, it is believed, since its organization. There is no force in this assignment of error.

It is insisted that the court erred in not setting aside the order dismissing the appeal. The order was entered on a default in not appearing to answer to the case on the preliminary call. All defaults are subject to the discretion of the court to permit them to stand, or set them aside. Nor will the court of review interfere, unless there has been a clear and unjust exercise of the discretion, to the wrong of the party in default. Here the motion was not made for fifteen days after the order dismissing the appeal was entered,—the case had lost its place on the docket. Nor does it appear that the attorney had no partner or clerk that could have answered to the preliminary call as readily and effectually as he could had he been present. The showing made by the

affidavit does not establish an abuse of the discretionary power of the court requiring a reversal of the case.

Perceiving no error in the record the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*