THE STAUNTON COAL COMPANY

197   369
205   ⁴177

*v.*

CLARA MENK, Admx.

*Opinion filed June 19, 1902.*

1. PRACTICE—*trying case out of its order is within sound discretion of court.*   Section 16 of the Practice act, providing that cases shall be tried in the order in which they are placed upon the docket, "unless the court, for good and sufficient cause, shall otherwise direct," vests a sound legal discretion in the court as to such matter, which will not be interfered with by a court of review except in case of a clear abuse of such discretion.

2. AFFIDAVITS—*affidavits in support of a motion to vacate judgment construed against applicant.*   Affidavits filed in support of applications to set aside judgments by default or those entered in *ex parte* proceedings are to be construed most strongly against applicant.

3. SAME—*when affidavit does not show that trial was without notice to defendant.*   An affidavit by defendant's attorney which states that he had no notice that the case was set for trial does not show that the defendant had no notice of such fact.

4. TRIAL—*it is the duty of a party to be present when his case is reached.*   One relying upon the opinion of his attorney as to when his case will be reached for trial does so at his peril, since the negligence of the attorney in such matter is the negligence of his client.

5. SAME—*party must act promptly to have alleged irregular judgment set aside.*   If it is claimed that a judgment has been taken irregularly the party complaining must avail himself of the first reasonable opportunity after the irregularity is discovered to correct it.

*Staunton Coal Co.* v. *Menk*, 99 Ill. App. 254, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. OWEN P. THOMPSON, Judge, presiding.

This is an action on the case, begun on September 7, 1900, by the appellee, as administratrix of the estate of Otto Menk, deceased, who was her husband, against the appellant, the Staunton Coal Company, to recover damages for the death of her husband, while engaged, as an employe of the appellant, in a coal mine, belonging to, or operated by, the appellant. A plea of not guilty was

197—24

filed, upon which issue was joined. The case was tried
at the September term of the circuit court of Macoupin
county; which began on the 17th day of September, 1900,
being the third Monday of September. The trial took
place on October 10 in the absence of appellant's coun-
sel; and verdict was returned against appellant. Upon
November 12, 1900, the defendant, by its attorney, moved
the court to set aside the verdict, and award a new trial.
On November 22, 1900, the motion so made was heard,
and, in support of the same, the appellant filed 'three
affidavits, one of William Struthers, the president of the
appellant company, one of John Homer, clerk of the cir-
cuit court of Macoupin county, and one of appellant's
attorney. The rules of said circuit court were also in-
troduced in evidence. The court overruled the motion to
set aside the verdict and grant a new trial, and entered
judgment in favor of the appellee upon the verdict. An
appeal was taken from this judgment to the Appellate
Court, and, it having been there affirmed, the present
appeal is prosecuted from such judgment of affirmance.

CHARLES W. THOMAS, for appellant.

ZINK, JETT & KINDER, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion
of the court:

The alleged ground, upon which it was sought by
the appellant in the court below to set aside the verdict
and grant a new trial, was that the circuit court tried the
case out of its order on the docket at the request of ap-
pellee's attorneys, and without notice to the appellant,
and without any good cause for so trying the case out
of its order.

*First*—If it be assumed that it was proper, upon this
motion to set aside the verdict and for a new trial, to in-
troduce affidavits for the purpose of showing a trial out
of its order upon the docket, it must be said that, here,

the affidavits filed do not show a trial of the cause out of its order upon the docket.

Section 14 of the Practice act provides that "the clerks of the courts shall keep a docket of all the causes, pending in their respective courts, in which shall be entered the names of the parties, the cause of action, and the name of the plaintiff's attorney, and he shall furnish the judge and bar, at each term, with a copy of the same, in which all indictments and causes, to which the people may be a party, shall be first set down, after which shall be set down all cases in law, in order, according to the date of their commencement, and lastly, the suits in chancery." Section 15 of the same act provides, that "the clerk shall set and apportion the causes for as many days of the term as he may think necessary, or be directed by the judge." Section 16 of the same act provides, that "all causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court for good and sufficient cause shall otherwise direct." (3 Starr & Cur. Ann. Stat.—2d ed.—pp. 2991, 2992). The only one of the three affidavits filed by appellant, which bears directly upon this subject, is the affidavit of Homer, the clerk of the circuit court. His affidavit shows that he had been clerk of the court for eight years, and that, during that time, it had been the custom of the court to call the docket every Monday or Tuesday, and set for trial for the coming week as many cases, irrespective of their kind or position on the docket, as would probably occupy the time of the court for that week, and that this was generally done by consent of counsel, and in such manner as to accomodate them as much as possible. He states that, in accordance with this custom, certain cases on the law docket of the court were set for trial on each day, except Saturday, of the first week of the term. It appears from his affidavit that, at the September term, 1900, of the circuit court, there were on the docket sixty-four criminal cases, one hundred law cases, and one hun-

dred and fifteen chancery cases, and that the number of the case at bar upon the law docket was 76. The clerk states in his affidavit that, on Friday, September 28, 1900, another setting of cases was arranged for the week ending with Friday, October 12, 1900, and that on the former day the court announced, that the case at bar would be set for trial for October 10, 1900. The clerk also states in his affidavit that he was requested by the attorneys for the appellee to have said cause set for trial, and that he asked the court to set it for trial, but the selection of the day for the trial was made by the court, and without suggestion by the clerk, or the attorneys. It also appears from this affidavit that, when the case was set for trial for October 10, none of the attorneys for either party were present.

There is nothing in the affidavit of Homer, the clerk, and nothing in either of the other affidavits, to show that, when this case, whose number was 76 on the law docket, was tried, all the other cases standing on the docket before it had not been disposed of for the term. If all the cases preceding it upon the docket had been tried or disposed of before it was reached, it cannot be said that it was tried out of its order. It does not appear, that any case preceding it, and having a less number than 76, was set for trial after the day when No. 76 was set for trial. Of all the cases, shown to have been set for trial before September 28, 1900, the numbers were less than 76, except two, to-wit, 96 and 99. But there is nothing to show that Nos. 96 and 99 were actually tried, or that they were not passed, or continued, or dismissed, or otherwise disposed of by the court without a trial. Where it is not shown what disposition is made of cases set for trial out of their order on the docket, and where it does not appear that they may not have been passed without being finally disposed of for the term, it is to be presumed, in the absence of any statement of the cause in the record, that the court had good and sufficient cause

for what was done.  (*Smith* v. *Barlow*, 67 Ill. 519; *Anthony* v. *International Bank*, 93 id. 225).

*Second*—But, even if the case was set for trial out of its order upon the docket, section 16 gives the court the right to take such action for good and sufficient cause. That section only provides, that causes shall be tried in the order they are placed on the docket, "unless the court for good and sufficient cause shall otherwise direct." It nowhere appears in the affidavits, that the court did not have good and sufficient cause for setting the case for trial on Wednesday, October 10, 1900.

A statute, which directs that a court may do a thing on good cause shown, vests a discretion in the court. (8 Am. & Eng. Ency. of Law, p. 1357; *Kerchner* v. *Singletary*, 15 S. C. 535; *Kendall* v. *Briley*, 86 N. C. 54; *People* v. *Sessions*, 62 How. Pr. 415).

The statute does not determine what shall constitute sufficient cause for trying a case out of its order on the docket, but that is a matter to be determined by the court in the exercise of a sound legal discretion. When the court so exercises its discretion in the matter, its action will not be interfered with by a reviewing court, unless there has been a clear abuse of its discretion. (*Clark* v. *Marfield*, 77 Ill. 258; *Morrison* v. *Hedenberg*, 138 id. 22; *Crosby* v. *Kiest*, 135 id. 458; *In re Estate of Wincox*, 186 id. 455; *Smith* v. *Third Nat. Bank of St. Louis*, 79 id. 118). In *Hinckley* v. *Dean*, 104 Ill. 630, it was said that the dispatch of business, and the saving of time and expense to witnesses, litigants and jurors, required that some discretion should be possessed by the court over its docket, and that, for the accomplishment of just such purposes and others, the statute gave to the court the discretion to dispose of cases out of their order for a good and sufficient cause.

Here, the clerk, at the request of the attorneys of one of the parties, suggested to the court that this case be set for trial. The statute provides, that the clerk shall

keep a docket of all the cases, and that the People's causes shall be set down first in order, and the cases in law next in order. It also authorizes the clerk to set and apportion the causes for as many days of the term as he may think necessary, or may be directed by the judge to do. Action by the clerk and judge together, or in consultation with each other, seems to be contemplated by the statute; and, hence, it cannot be said that there was no good and sufficient cause for the action of the judge in the present case, merely by reason of the fact that a suggestion on the subject was made to him by the clerk. There is nothing in the affidavits to show that the present case would not have been called or reached for trial on October 10, if it had not been specially set for trial on that day. It may have been so set by the court with due regard to the dispatch of the business of the court, and with due regard to the rights of the parties, and the convenience of jurors and witnesses. At any rate, it does not appear that there was any abuse of the discretion upon this subject, which the law vests in the trial court.

*Third*—The affidavits, filed by the appellant in the court below, do not show that due diligence was exercised by it in this matter, and do not show sufficient excuse for not being present in court at the time when the case was set for trial. Affidavits, filed in support of applications to set aside judgments by default, or entered in *ex parte* proceedings, are to be construed most strongly against the party making the application. (*Crossman* v. *Wohlleben*, 90 Ill. 537).

According to the statements in the affidavit of appellant's attorney, he knew that the number of the case at bar was 76 on the law docket for the September term, and that there were seventy-five law cases and sixty-four criminal cases on that docket ahead of the case at bar, and entitled to prior trial. This being so, it was the duty of the appellant to take notice, or at least it is presumed to have taken notice of every step taken in the cause.

(*Schneider* v. *Seibert*, 50 Ill. 284). In his affidavit the attorney states that, in the due course of business, the cases ahead of No. 76 could not have been tried in their order before the latter part of October, or the middle of November, 1900. He also states that he wrote to the clerk of the court on the 10th day of October to inquire when said cause would be for trial, and received notice on the 12th day of October from the clerk, that the case had already been tried on October 10. The attorney had no reason to suppose, so far as is shown by the affidavits, that the present case would not be reached in its regular order upon the docket before the latter part of October or the middle of November, 1900. There is nothing to show, that the case would not have been reached as early as the day, upon which it was set for trial. It is the duty of a party to be present when his case is reached. His negligence in ascertaining when the case will be reached does not excuse his absence. If appellant relied upon the opinion of its attorney as to the time when the case would be reached for trial, it did so at its peril. The negligence of the attorney in such matters is the negligence of the client. (*Mendell* v. *Kimball*, 85 Ill. 582; *Walsh* v. *Walsh*, 114 id. 655; *Lawler* v. *Gordon*, 91 id. 602; *Schultz* v. *Meiselbar*, 144 id. 26).

The affidavit of appellant's attorney shows, that he knew as early as October 12, 1900, that the jury had returned their verdict, but his application to set it aside was not made until November 12, 1900, a month thereafter, and the affidavits in support of the motion were not filed until November 22, 1900. Where it is claimed that a judgment has been taken irregularly, the party complaining must avail himself of the first reasonable moment, after the irregularity is discovered, to correct it. (*Andrews* v. *Campbell*, 94 Ill. 577; *Ryder* v. *Twiss*, 3 Scam. 4). Where a default was entered on the 9th day of the month, and the attorney knew of it on the next day, and did not make a motion to set aside the default until the 17th of

the month, and there was no explanation of the delay in making the motion, it was held that such delay in making the motion may have influenced the exercise of the court's discretion in the matter of setting the default aside, and that, therefore, there was no such abuse of the court's discretion as would justify an interference with its exercise. (*Andrews* v. *Campbell, supra*).

The president of the appellant company makes an affidavit in this cause, but nowhere states therein that he did not have notice that this cause was set for hearing on October 10; and the attorney of the appellant, while he states in his affidavit that he had no notice of the setting of the cause for trial on October 10, yet does not state that his client, the appellant, did not have such notice. Inasmuch as the affidavits must be most strongly construed against the appellant, it is not here made to appear that the case was set for trial on October 10 without notice to the appellant. If the appellant had such notice, it was its duty to inform its attorney of it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*