244 LINNEMEYER *v.* MILLER *et al.* [Sept. T

Opinion of the Court.

HENRY LINNEMEYER

*v.*

JOHN MILLER *et al.*

1. CHANCERY PRACTICE—*dismissal for want of prosecution.* Where an answer for part of the defendants, in a suit to enforce a mechanic's lien, is filed without notice to the petitioner, the court will not be authorized to dismiss the suit for want of prosecution, when reached on the docket, for want of a replication, and it is error to do so.

2. If the defendants are desirous of a speedy hearing, they should notify the complainant or petitioner of the filing of their answer, and if' replication is not then filed in four days, move the court to set the cause for hearing on bill and answer.

3. RULES OF COURT—*must not conflict with statute.* To be obligatory, rules of court must be in conformity with, and not repugnant to, the general laws relating to practice.

APPEAL from the Superior Court of' Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was a petition filed by Henry Linnemeyer against John Miller, Charles W. Rigdon and George F. Whitney, to enforce a mechanic's lien, as a sub-contractor. The opinion presents the facts necessary to an understanding of the questions decided.

Mr. JOSEPH SCHLERNITZAUER, for the appellant.

Messrs. BENNETT & SHERBURNE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question presented upon this record is, did the court below err in dismissing the suit for want of prosecution?

It appears, from the record, that Miller and Rigdon filed their answer to the petition on the 10th day of October, 1872, and that, on the 10th day of January, 1873, the cause was

reached on the call of the common law docket, and, not being at issue, was dismissed for want of prosecution.   No answer was filed by Whitney, and the record fails to show that appellant 'had notice of the filing of the answer by Miller and Rigdon.

Although suits to enforce mechanic's lien are, by the statute which authorizes them to be prosecuted, required to be placed upon the common law docket, and to stand for trial at the term to which the summons is returnable, yet, answer, exceptions and replication are to be filed, and the issues made up, as though the proceeding was in chancery.   The 23d section of the act relating to liens (1 Gross, 425,) provides that, "in proceedings under the provisions of that act, the courts are vested with all the powers of courts of chancery, and shall be governed by the rules of proceeding and decisions in these courts, so far as that power may be necessary to carry into full and complete effect the provisions of the act, and so far as those rules of proceeding and decision are applicable to cases and questions presented for adjudication and decision."

It is true, it is provided by the 8th section of the act, that every defendant served with process ten days before the return day thereof, shall answer the bill or petition on or before the day on which the cause shall be set for trial on the docket, and the issue or issues in the cause shall be made up under the direction of the court, and oral testimony shall be received as in cases at law.   But this does not authorize the court to cause the issues to be made up, or to dispose of the cause in any different manner than that provided by the act relating to practice in chancery, much less to arbitrarily dismiss a suit for want of prosecution, before the issues are made up.

It is provided, by the 28th section of the act regulating the practice in courts of chancery, in force July 1, 1872, (2 Gross, 34,) that replications shall be general, with the like advantage to all parties as if special, and shall be filed in four days after the plaintiff or his attorney shall be served with notice of answer filed.

It is also provided, by the 29th section of the same act, that, "after replication is filed, the cause shall be deemed at issue, and stand for hearing, or, in default of filing such replication, the cause may be set for hearing upon the bill and answer, in which case the answer shall be taken as true, and no evidence shall be received, unless it be matter of record, to which the answer refers."

It is obvious, from these sections, that the court below was not authorized to dismiss the suit for want of prosecution. If the defendants were desirous of its speedy termination, it was their duty to have notified the petitioner of the filing of their answer, after which, if replication had not been filed within four days, the cause should have been set down for hearing on bill and answer.

We have not deemed it necessary to look into the rules of practice adopted by the court below, and quoted in the brief of appellees, for they can not have the effect of repealing the positive provisions of the statute which we have quoted. To be obligatory, such rules must be in conformity with, and not repugnant to, the general law.

The decree of the court below, dismissing the suit for want of prosecution, and adjudging costs against the appellant, is reversed, and the cause remanded for further proceedings.

*Decree reversed.*