JAMES H. PERSON ET AL.

v.

ELI SMITH.

*Practice—Improper Dismissal for Want of Prosecution.*

Where an answer is filed in a suit to enforce a mechanic's lien, without notice to the petitioner, the court is not authorized to dismiss for want of prosecution because not at issue, upon a general call of the docket under a published order of the court.

[Opinion filed January 16, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. HAMLINE & SCOTT, for appellants.

No appearance for appellees.

GARY, J. May 16, 1888, the chancery judges of the Superior Court of Cook County caused a rule to be spread upon the records of the Superior Court of Cook County, and caused a calendar of all cases pending in said Superior

Court, in chancery, and falling within the terms of said rule, to be made up for distribution to the bar, and caused a copy of said rule to be published from time to time in the Chicago Law Bulletin, published in Chicago and circulating among the members of the Cook County Bar. Prior to June 12, 1888, said rule was as follows: "Ordered, that all chancery cases commenced previous to January 1, 1888, and now pending in the Superior Court, be put in issue on or before Monday, · June 4, 1888, and in default of the same being done, such cases shall be dismissed for want of prosecution and for want of compliance with this order, at a general call to be made on the 12th day of June, unless good cause be shown by affidavit at the time of such call why this order was not complied with. And it is further ordered that at such general call all cases shall be dismissed in which no proceedings have been taken since July 1, 1887, unless like good cause be shown by affidavit. It is further ordered that a calendar of all cases to be then called be prepared by the clerk of this court, and that all cases upon such call wherein cause shall not be shown at the time of such call, shall be dismissed in accordance with the foregoing order."

On the 15th of June, 1888, *ex mero motu*, under that rule, the court dismissed this case. It was a petition under Chap. 82, R. S. 1874, to enforce a mechanic's lien. The petition was filed July 15, 1887, and the answer Sept. 6, 1887, and no further proceedings were had in the cause until it was dismissed. No notice of the filing of the answer had been served upon the appellants or their attorney.

The case is governed by Linnemeyer v. Miller, 70 Ill. 244, is not affected by Hinckly v. Dean, 104 Ill. 630, and the decree must be reversed and the case remanded.

*Reversed and remanded.*