HENRY H. RODMAN

*v.*

GEORGE WURZBURG.

*Opinion filed December 18, 1899.*

1. ELECTIONS—*contest proceeding is governed by chancery rules.* The contest of an election is governed by chancery rules, and the petitioner is therefore entitled, under the statute, to four days in which to file a replication after service of notice of answer filed.

2. SAME—*in absence of default, petition cannot be dismissed before issue joined.* Section 116 of the Election law, as amended in 1895, (Laws of 1895, p. 170,) providing for the speedy trial of election contests, does not authorize the court to dismiss a petition for want of prosecution, because of the petitioner's refusal to proceed to an immediate hearing upon the filing of the answer and before issue joined.

APPEAL from the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding.

D. D. DONAHUE, for appellant:

Where a suit is brought in the county court to contest the election to the office of school director, the proceedings in that court are governed by all the rules of a chancery proceeding. *Dale* v. *Irwin,* 78 Ill. 170; *Talkington* v. *Turner,* 71 id. 234; *Kingery* v. *Berry,* 94 id. 515; *County of Lawrence* v. *Schmaulhausen,* 123 id. 332.

When an answer has been filed the petitioner has four days in which to file a replication after he has been notified that an answer has been filed. 1 Starr & Cur. Stat. chap. 22, sec. 28; *Linnemeyer* v. *Miller,* 70 Ill. 244; *Beams* v. *Denham,* 2 Scam. 58.

Before the four days have expired for filing a replication the court cannot arbitrarily dismiss the petition for want of prosecution before the issues are made up. *Linnemeyer* v. *Miller,* 70 Ill. 244; *Beams* v. *Denham,* 2 Scam. 58.

After the expiration of four days, if no replication is filed the cause must be set for a hearing on bill and answer, as the statute provides. 1 Starr & Cur. Stat. chap. 22, sec. 29; *Linnemeyer* v. *Miller,* 70 Ill. 244.

WELTY & STERLING, for appellee:

Under the Election law of 1895 (Starr & Cur. Stat. chap. 46, par. 118,) provision is made for a speedy trial. The case may be heard by the court in term time or by the judge in vacation, at any time not less than ten days after service of process, or at any time after the defendant is required, by notification, to appear, and shall have preference in the order of hearing to all other cases.

The above provision of the statute, amended since all of the decisions cited by appellant were rendered, was intended to provide for a speedy and summary trial of election cases in the county court, without a delay of four days for filing a formal replication, a reference to the master, the taking of evidence and hearing before the master, and the trying of the case before the court on exceptions to the master's report.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The parties to this suit were rival candidates for the office of school director at an election held on April 15, 1899. Fourteen votes were cast for each, and the judges of election caused the choice to be determined by lot, which resulted favorably to the appellee. Appellant filed his petition in writing for the contest of said election, on the ground that one illegal vote was cast in favor of appellee by Henry Schneider, who was not a legal voter, and that appellee received only thirteen legal votes, so that there was not a tie. Summons was issued May 13, 1899, returnable to the June term of the county court on June 5, and was served May 23, 1899. The parties appeared on the return day, when the defendant announced himself ready for trial, and thereupon filed his answer denying that Henry Schneider was not a legal voter and admitting the other statements of the petition. Defendant moved the court to proceed to trial at once, and petitioner objected because the issues were not made up and the time had not expired for filing replication and he was not ready for a hearing. The court allowed defendant's motion and ordered petitioner to proceed to a hearing, which petitioner declined to do, whereupon the court dismissed the petition and rendered a judgment for costs against the petitioner.

By the statute and the decisions of this court the contest of an election is governed by the rules of a chancery proceeding. The statement is to be verified by affidavit in the same manner as bills in chancery; summons is served in the same manner; evidence may be taken in the same manner and upon like notice, and the cause is to be tried, in all respects, as a case in chancery. (Rev. Stat. chap. 46, secs. 113-116; *Talkington* v. *Turner*, 71 Ill. 234; *Dale* v. *Irwin*, 78 id. 170; *Kingery* v. *Berry*, 94 id. 515; *County of Lawrence* v. *Schmaulhausen*, 123 id. 321.) The statute regulating the practice in courts of chancery pro-

vides that replications shall be filed in four days after the plaintiff or his attorney shall be served with notice of answer filed, and after replication is filed the cause shall be deemed at issue and stand for hearing, or in default of filing such replication the cause may be set for hearing upon the bill and answer. (Rev. Stat. chap. 22, secs. 28, 29.) A cause is not at issue unless a replication is filed or it is set for hearing upon the bill and answer. The party is never obliged to proceed to a hearing unless the cause is at issue, and the court cannot hear a cause upon the bill and answer unless the complainant is in default in not replying within the time limited by the statute. The court cannot dismiss a bill for want of prosecution when complainant is not in default. *Beams* v. *Denham*, 2 Scam. 58; *Linnemeyer* v. *Miller*, 70 Ill. 244.

Appellee relies upon the provision of section 116 of chapter 46 of the Revised Statutes, that a case of contested election may be heard in term time or vacation at any time not less than ten days after service of process, or any time after the defendant is required, by notification, to appear, and that it shall have preference in the order of hearing of all other cases. This section provides for a speedy hearing, either in term time or vacation; but there is nothing in it which can authorize the court to hear the case when the issue is not made up, or to compel a petitioner who is not in default to proceed to a hearing when the case is not at issue. The statute relating to mechanics' liens provided that the defendant should answer the bill or petition on or before the day on which the case should be set for trial on the docket, and the issue or issues in the cause should be made up under the direction of the court, but it was said in *Linnemeyer* v. *Miller*, *supra*, that this did not authorize the court to cause the issues to be made up or to dispose of the cause in any different manner than that provided by the act relating to practice in chancery, much less to dismiss a suit for want of prosecution before the issues were

made up.   If defendant desired to expedite the hearing he might have filed his answer before the return day and notified petitioner of such filing, and the cause could then have been brought to issue and would have stood for hearing, but it was wrong to order petitioner to proceed to a hearing, as was done, and to dismiss his petition for a failure to do so.

The decree of the county court is reversed and the cause remanded.                    *Reversed and remanded.*