Anton Slavik, Appellee, v. Cal Hirsch & Sons Iron & Rail Company, Appellant.

1. INSTRUCTIONS—*when peremptory, properly refused.* A peremptory instruction asked by the defendant is properly refused where there is evidence tending to prove the material allegations of the plaintiff's declaration.

2. MASTER AND SERVANT—*what within doctrine of assumed risk.* A servant is held to assume the risks ordinarily incident to his employment, and also the risks incurred by obedience to a negligent order of the master, when the danger is to him as plainly apparent, open and understood as it is to the master who gives the order.

3. MASTER AND SERVANT—*what not within duty of former.* It is not required that a master shall adopt precautions which will protect his servant from "avoidable danger."

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

DAN McGLYNN, for appellant.

N. C. LYRLA, for appellee; J. RALPH McMURDO, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by appellee against appellant to recover damages for personal injuries received by appellee while in the employ of appellant, on the first day of November, 1906. The

amended declaration, on which the case was tried, consists of two counts, to which the defendant filed a plea of not guilty. A trial by jury resulted in a verdict in favor of plaintiff for $500. A motion for new trial was made by the defendant and overruled by the court. Judgment rendered on the verdict, and the defendant appealed.

The first count of the declaration alleges that the defendant negligently and carelessly ordered the plaintiff to pile and stack certain pieces of iron against the wall of a building without bracing the same and that while so employed, in obedience to the order and direction of the defendant, and in consequence of the said negligent order, the pile of iron fell upon and injured him. The second count alleges that the plaintiff was piling certain pieces of iron in obedience to the order and direction of the defendant, and it became and was necessary to brace the same to prevent its falling, and after the pile had been properly braced by the plaintiff, the defendant carelessly and negligently removed the braces and negligently ordered the plaintiff to pile the iron without bracing, and that because of the removal of said brace and support, and by reason of the said negligent order to pile the iron without being properly braced, the pile fell upon and injured the plaintiff.

The appellant was engaged in handling and dealing in all kinds of old iron and in certain kinds of new iron and for this purpose had a large yard in East St. Louis, where it employed a large number of men in and about the business. At the time of the accident, appellee was engaged with other men in unloading and piling a carload of angle-iron, which was in straight pieces, ten or twelve feet long and one or two inches wide on each side of the angle, each piece weighing thirty or forty pounds. Appellee was directed by the foreman to attend to the piling of the iron as it was brought to him from the car by other men. He began by piling the iron upon a sill founda-

tion, one side of the pile being against a wall, and for brace  to the other side the appellee testifies that he drove two iron stakes two and a half feet from the wall and three feet apart.  When the pile made in this manner had reached a height of eighteen inches, the appellee further testifies that the foreman pulled up the stakes mentioned and ordered appellee to use binders or cross-pieces upon which to place the iron with angle up, the foreman at the same time showing how the work should be done, and told appellee that the pile would not fall and that he could safely proceed with the work in the manner directed.  Some time after, while appellee was at work standing near the side of the pile, it toppled over and fell upon his foot and leg causing the injury complained of.

Appellant challenges the evidence and denies that negligence is shown, and in further defense invokes the doctrine of contributory negligence and assumed risk.  There was evidence tending to prove the material allegations of the declaration, and therefore we must hold that the peremptory instruction asked by appellant was properly refused.  But as there was sharp conflict of evidence bearing upon issues to be determined by the jury, a fair trial required that the instructions should clearly and correctly state the law to be applied.  To sustain the action as alleged in the first count it was necessary to prove not only that the foreman ordered appellee to pile the iron in a particular manner, but that there was danger in doing the work that way, that the foreman knew, or by the exercise of reasonable care should have known, that it was dangerous, and that the appellee did not know, or by the exercise of reasonable care could not have known that it was dangerous to do the work in the manner directed.  Swiercz v. Ill. Steel Co., 231 Ill. 456.  The servant is held to assume the risks ordinarily incident to his employment, and, also, the risks incurred by obedience to a negligent order of the master, when the danger is, to him, as plainly apparent, open and un-

derstood as it is to the master who gives the order.
The Gunning System v. LaPointe, 212 Ill. 274.

To sustain the second count, the plaintiff must es-
tablish by evidence that the removal of the stakes or
braces from the pile of iron caused it to fall, that the
foreman knew, or by the exercise of reasonable care
should have known, that this would probably result,
that appellee did not know or by the exercise of
due care for his own safety could not have known that
he was endangered by the foreman's act. Here, as
under the evidence applied to the first count, appellee
assumed the known risk of consequence due to the
foreman's negligence. In any view of the case it was
important to the defense that the question of assumed
risk should be fairly submitted to the jury. The in-
structions should correctly state the law.

Appellee's first given instruction read:

"The court instructs the jury that the law in this
State is, that where an act is performed by a servant
in obedience to a command from one having authority
to give it, and the performance of the act is attended
with a degree of danger, it is not necessary that the
servant should balance such a degree of danger and
decide with absolute certainty whether he must do it,
or refrain from doing it, and his knowledge of attend-
ant dangers will not defeat his right of recovery, if,
in obeying such command, he acts with that degree
of prudence which an ordinary prudent man would
exercise under the circumstances."

The jury are told here that appellee's "knowledge
of attendant dangers will not defeat his right of
recovery," which is not the law, for, as already stated,
and within the established law of this state, if he knew
the danger he assumed the risk and cannot recover.
McCormick Harvesting Machine Co. v. Zakzewski,
220 Ill. 522. In that case the court says: "The true
rule in this regard is that the servant assumes not
only the ordinary risks incident to his employment,
but also all dangers which are obvious and appar-

ent, and if he voluntarily enters into or continues in the service, knowing its dangers, he is deemed to have assumed the risks and to have waived all claims against the master for damages in case of personal injury resulting from such dangers.'' In discussing the doctrine of assumed risk, in C. & E. I. R. R. Co. v. Heerey, 203 Ill. 492, the court said: ''Contributory negligence and assumption of risk are entirely different things in the law. Although the two questions may both arise under the facts of a case, yet these are wholly separate and distinct. Every person suing for a personal injury must show that he was in the exercise of ordinary care and caution for his own safety, so that the question of contributory negligence may be involved in every case; but an employe may have assumed a risk by virtue of his employment, or by continuing in such employment with knowledge of the defect and danger, and if he is injured thereby, although in the exercise of the highest degree of care and caution, and without any negligence, yet he cannot recover.'' Cichowicz v. International Packing Co., 206 Ill. 346. Instructions 2 and 3 authorize a recovery without regard to the question of assumed risk and for reasons stated are erroneous. The fourth instruction is erroneous and highly misleading, in that it imposed upon the master, appellant in this case, the duty to adopt precautions that would have protected the servant, appellee, from ''avoidable danger.'' From this instruction the jury must have understood that the danger to which the appellee was exposed in piling the iron was ''avoidable,'' and because of appellant's failure to adopt precautions to protect appellee, the verdict must be for appellee. Appellee's instructions should have been refused, and for the error of the court in giving them the judgment will be reversed and the cause remanded.

*Reversed and remanded.*