FOURTH DISTRICT—OCTOBER, 1912. 507

Mynor v. Hammar Bros. White Lead Co., 173 Ill. App. 507.

## Forrest Mynor, Appellee, v. Hammar Bros. White Lead Co., Appellant.

1. MASTER AND SERVANT—*evidence.* A count which alleges that plaintiff was ignorant of the dangerous condition of a steam valve and did not have equal means of knowledge with defendant is not supported by proof, that although plaintiff knew of such defect he had not assumed the risk.

2. MASTER AND SERVANT—*assumption of risk.* The statement by one employee, not a vice principal, to another that a dangerous condition has been remedied does not release the latter from the assumption of risk.

3. MASTER AND SERVANT—*injuries sustained while complying with order of master.* Where a servant has notice of the defective condition of a steam valve and the attending dangers, which resulted in his injury, he cannot recover therefor, though defendant, also knowing thereof, ordered him to turn off such valve.

4. MASTER AND SERVANT—*assumption of risk.* Where the servant has equal opportunity with the master of knowing about defects and dangers, obedience to the order of the master does not relieve the servant from the assumption of risk.

5. NEGLIGENCE—*subsequent condition.* Evidence as to how long a valve remained in use, in the same condition, after an injury alleged to have been caused by the escape of steam, is properly excluded, where it is not offered for the purpose of showing the condition of the valve at the time of the injury.

6. RULES OF COURT—*conflict with statute.* Rules of court which conflict with a statute are invalid.

7. RULES OF COURT—*motion for new trial.* A rule of court that a motion for a new trial must be made within ten days is in conflict with Practice Act, § 77, which permits the motion to be made at any time during the term, and is therefore invalid.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed October 7, 1912.

ELLERBE & BROKAW and DAN McGLYNN, for appellant.

N. C. LYRLA, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment for four hundred dollars damages recovered by appellee for injuries alleged to have been sustained by him in appellant's factory.

The declaration contained two counts. The first count charged that appellant had in its plant a steam boiler to which was attached a valve used to turn on and shut off steam; that it negligently permitted the valve to become defective and insufficiently packed so that it leaked steam, which condition was known to appellant, or which by the exercise of reasonable care it might have known, and of which condition appellee was ignorant, and did not have equal means of knowing with the appellant; that in obedience to the order and directions of the appellant in attempting to close the valve, the steam escaped by reason of its defective condition, causing him to be severely burned and to fall from a ladder, whereby he was injured.

The second count charged that appellant negligently ordered appellee to ascend a ladder to turn off steam by turning a valve, the danger of which was known to appellant and unknown to appellee, and while engaged in obeying the order, in turning the valve, steam es-

caped by reason of the defective condition of the valve, whereby he was burned, and caused to fall from the ladder; and further averred such negligent order was the proximate cause of the injury.

Appellee had been in the service of appellant for two years as a stripper, taking tan bark off of lead. It was also his duty as an extra man to fire the boilers, and he had been performing this duty on Sundays for several weeks.

The valve complained of was several feet above one of the three boilers and was used to turn on and shut off the steam. The valve was opened and closed by turning a wheel in the valve stem which extended above the valve. To reach the wheel it was necessary to ascend a ladder about ten feet long on top of another boiler, the top of the ladder resting upon the steam pipe near the valve.

As to the manner in which appellee was injured the evidence was conflicting. His version of the circumstances was that on this occasion he was the extra man firing the boilers; that he was ordered by Duncan Winning, the engineer in charge, to go to the top of the boiler, climb the ladder and shut off the valve; that he obeyed the order; that while standing on a rung of the ladder he turned the wheel to close the valve, when the steam escaped around the stem in such volume that he attempted to close the valve to stop the escape of steam, when the ladder slipped, as it was resting against the pipe, and he lost his hold and fell. He further stated that in the escape of the steam he was burned on the face and arms.

To support the first count of the declaration it was incumbent on appellee to prove that he did not know of the alleged defective condition of the valve and did not have equal means with appellant to acquire such knowledge. This was a material allegation and could not be supported by evidence that he did know of the defect but that the circumstances were such he had not assumed the risk. Republic Iron & Steel Co. v. Lee,

510   APPELLATE COURTS OF ILLINOIS.

Mynor v. Hammar Bros. White Lead Co., 173 Ill. App. 507.

227 Ill. 246, and cases cited. Appellee himself testified that he knew the valve was leaking steam from two to four weeks before, and he had spoken of it to one John Bailey, another employee who worked as a fireman in the boiler room. Appellee sought to avoid the assumption of risk, arising from his knowledge, by showing that said Bailey had told him in a conversation that the valve had been packed. Appellee might have proved by competent evidence that the valve had been repacked after he had knowledge of its defective condition, but Bailey not being a vice principal, and not having any authority over appellee and having no authority to speak for appellant, his statement was inadmissible and could not release appellee from the assumption of risk. The evidence did not support the first count of the declaration.

Under the second count of the declaration, appellee relies on a negligent order, and the testimony on behalf of appellee at least tends to show a constructive notice to appellant that the valve was defective and shows also an order of the engineer, authorized to direct him, to shut the valve. Appellee having notice of the defective condition of the valve, which he says resulted in his injury, he cannot recover for obedience to a negligent order if he had full knowledge of the dangers that would result to him in performing the order. Slavik v. Cal Hirsch & Sons I. & R. Co., 143 Ill. App. 509. He testified that he had had several years' experience in firing boilers, although he had not shut off this valve.

In addition to his statement that he knew the valve leaked steam, he further said he knew how to turn it off and on, how a valve was packed and how the steam was controlled in the valve, because he had taken them to pieces and looked at them; that he knew that packing keeps the steam from escaping; and that there was no place the steam could escape except through the valve stem. The valve was a simple contrivance and it is apparent from appellee's statement that he

knew as much about its operation as appellant knew, and knew if the packing was defective it would leak steam through the stem.

Where the servant has equal opportunity with the master of knowing about defects and dangers, obedience to the order of the master does not relieve the servant from the assumption of risk. It is only where the servant is misled by the order that the exception to the doctrine of assumed risk exists. Republic Iron & Steel Co. v. Lee, *supra;* Elgin, J. & E. R. Co. v. Myers, 226 Ill. 366; Kresmar v. Omaha Packing Co., 153 Ill. App. 343.

The evidence shows that if appellee was injured in the manner stated by him, he assumed the risk and failed in his proof of the second count of the declaration.

The testimony of appellee of his conversation with Bailey, hereinbefore referred to, was admitted over appellant's objection. The ruling was erroneous. Appellant also offered to prove by the engineer in charge how long the packing remained in that valve after the alleged injury. The court sustained an objection to the testimony. Appellant might have shown the valve was in use afterwards in the same condition and did not leak steam, as tending to show its condition at the time of the injury, but appellant did not offer such evidence. There was no error in excluding the proffered testimony.

There was a rule of court in which this cause was tried providing that in cases tried by jury the party intending to move for a new trial should, within ten days after the verdict was returned into court, file his motion in writing for a new trial with the clerk, and enter it on the motion docket; otherwise the right to file such motion should be deemed waived and final judgment pronounced. There was a proviso that the court might, for good cause shown, extend the time for filing the motion. The motion for a new trial in this case was not filed within the ten days fixed by

the rule. Based upon appellant's failure to file its motion within the rule, appellee has filed a cross-motion for judgment on the verdict. The same motion by appellee was made in the court below, but the court overruled it and entertained and passed upon the motion for a new trial.

Rules of court which conflict with a statute are invalid. 18 Enc. Pl. & Prac. p. 1239; Linnemeyer v. Miller, 70 Ill. 244.

Either party may move for a new trial at any time during the term. Hurd's Stat., c. 110, § 77. The rule of the trial court was in conflict with the statute and invalid. Appellee's cross-motion is overruled.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*