## MARY CLEAVER

### v.

### ELEANOR J. SMITH et al.

*Filed at Ottawa May 15, 1885.*

1. CHANCERY—*dismissal for want of equity—or for want of prosecution—which is proper.* A bill in chancery was filed April 21, 1880, on which a summons issued, which was returned not found, and on June 10; following, all the defendants except one answered. Replication was filed on June 28. No further steps were taken in the cause until December 3, 1880, when the following order was entered: "This cause being this day called for hearing, come the defendants, by their solicitors, and the complainant comes not, nor does any one for her, and on motion of defendants it is ordered that this cause be and is hereby dismissed at complainant's costs, for want of equity:" *Held,* that the dismissal for want of equity was erroneous. The proper order would have been a dismissal for want of prosecution.

2. SAME—*practice—where a case is improperly placed on trial docket.* If a chancery cause is through inadvertence set upon the trial docket before it is ready for hearing, it is the duty of the complainant to have the order placing the case on such docket, set aside; and if he does not, he can not complain that the cause is dismissed for want of prosecution when reached, in his absence, on the call of the docket.

3. PRACTICE—*how far parties chargeable with notice of all steps in a cause.* Parties are bound, at their peril, to take notice of all orders regularly made in the progress of a cause. So if the cause is placed upon the trial docket, it is the duty of the parties to be present when it is reached on the call for final disposition; and if they are not, in the absence of a reasonable excuse, they must suffer the consequences.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. McCOY, POPE & McCOY, for the plaintiff in error:

To render a final decree on the merits without any hearing or submission at all, is clearly error. *Blair* v. *Reading,* 99 Ill. 610.

All that could have been legally done was to dismiss the bill for want of prosecution, and without prejudice. *Kempton* v. *Burgess,* 136 Mass. 192; *McKinney* v. *McKinney,* 36 Mich. 37.

The record shows that the case was not ripe for a hearing. Charles J. Smith, a necessary defendant, was not served with process, and had not entered his appearance. The court had no jurisdiction so far as he was concerned.

The entry that the defendants came by their solicitors, does not enter the appearance. ' Those words will refer to the defendants in court, only. *Gardner* v. *Hall,* 29 Ill. 277; *Klemm* v. *Dewes,* 28 id. 317.

Where persons who are necessary parties refuse to appear, and the court has no power to reach them by process, the bill must be dismissed without prejudice. *Town of Virden* v. *Needles,* 98 Ill. 370; *Piquet* v. *Swan,* 5 Mason's C. C. 561; *Chiles* v. *Allen's Heirs,* 2 Marsh. 351; *Key* v. *Hord,* 4 Munf. 485; *Schwab* v. *Mabley,* 47 Mich. 512; *Frink* v. *Bentley,* id. 512; *Thompson* v. *Clay,* 1 J. J. Marsh. 413.

The proper course would have been to enter a rule *nisi* that unless in a given time the proper parties were made, the suit as to those parties should be dismissed. *Thompson* v. *Clay,* 1 J. J. Marsh. 413; *Chiles* v. *Allen's Heirs,* 2 id. 351.

Plaintiff in error is entitled to costs. Rev. Stat. chap. 33, sec. 22.

Messrs. H. S. & F. S. OSBORN, for the defendants in error:

The bill was properly dismissed for the *laches* of the complainant in not preparing the case for an early hearing. The bill was a cloud on the defendants' title.

It is true the decree, as entered, can not well be sustained on this record. We ask to have the proper decree entered now, by this court,—that is, a dismissal without prejudice. *Kempton* v. *Burgess,* 136 Mass. 192.

If a cause is remanded without specific instructions, it is suggested that the rights of intervening innocent purchasers should be protected in any decree rendered by this court. *McJilton* v. *Love,* 13 Ill. 494; *McLagan* v. *Brown,* 11 id. 519; *Goudy* v. *Hall,* 36 id. 319; *Feaston* v. *Fleming,* 56 id. 457;

*Wadhams* v. *Gay,* 73 id. 415. And that the costs in this court should be taxed against the plaintiff in error, or abide the final result of the cause. *McKinney* v. *McKinney,* 36 Mich. 37; *Schwab* v. *Mabley,* 47 id. 512; *Frink* v. *Bentley,* id. 515; *Kempton* v. *Burgess,* 136 Mass. 192.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Mary Cleaver, plaintiff in error, on the 21st of April, 1880, filed a bill in the Superior Court of Cook county, against the heirs at law and personal representatives of William Sidney Smith, late of Suffolk county, New York, seeking to recover certain real estate in the city of Chicago. In the view taken of the case it is not necessary to discuss the particulars of the controversy. A summons was issued against the defendants on the same day the bill was filed, which was subsequently returned "not found." There were ten of the heirs, all of whom, except Charles F. Smith, on the 10th of June, 1880, filed a joint and several answer, denying the equities of the bill, and showing that the said Charles F. had disposed of his interest in the property before the filing of the bill. On the 28th of the same month, a general replication was filed to the answer.

The record fails to show that any steps after the issuing of the original summons were ever taken by complainant to procure service on the said Charles F. Indeed, no steps of any kind seem to have been taken in the case after the filing of the replication, until the third day of December, 1880, being a period of some five months, when the following final order was entered in the cause: "This cause being this day called for hearing, come the defendants, by their solicitors, and the complainant comes not, nor does any one for her, and on motion of defendants it is ordered that this cause be and is hereby dismissed at complainant's costs, for want of equity."

It is clear the decree as rendered can not be sustained. Indeed, this is conceded by solicitors for defendants in error. On the other hand, it is equally clear that in view of the apparent *laches* of° plaintiff in error, wholly unexplained, the court, when the cause was reached upon the call of the docket, would have been fully warranted in dismissing the bill for want of prosecution. We must assume the case had been placed upon the trial docket, otherwise it would not have been called for a hearing, and if it had, through inadvertence or otherwise, been improperly placed there, it was the duty of plaintiff in error to have had the order placing it on the trial docket set aside, if the cause was not ready for a hearing. Parties are bound, at their peril, to take notice of all orders regularly made in the progress of a cause. When, therefore, a cause is regularly placed upon the trial docket, it is the duty of the parties to be present when the cause is reached on the call for final disposition, and if they are not, in the absence of a reasonable excuse, they must suffer the consequences. So far as the merits of the controversy are indicated by the documentary proofs and exhibits in the cause, we see nothing favorable to complainant, and from this fact, taken in connection with the unexplained *laches* on her part, we are of opinion the ends of justice will be best subserved by entering the proper decree in this court.

As the decree of the court below is erroneous in dismissing the bill "for want of equity," instead of "for want of prosecution," as it should do, it is for that reason reversed, and the defendants in error are taxed with the costs in this court, and the plaintiff in error with all costs in the court below, and a decree will be entered here dismissing the bill without prejudice.

*Decree reversed.*