## Post-Boynton Strong Company v. George J. Williams.

1. INJUNCTIONS—*Damages on Dissolution—Interest.*—On the dissolution of an injunction, the effect of which has been to tie up money in the hands of the sheriff, it is proper to allow interest on the money for the time the defendant has been deprived of its use, as damages.

2. SAME—*On Dissolution—Time to file Suggestion of Damages.*—An interlocutory decree dissolving an injunction, is not one finally disposing of the suit, within the meaning of the act providing for the filing of suggestions for damages.

Memorandum.—Injunction. Assessment of damages on dissolution. Appeal from the Superior Court of Cook County; the Hon. PHILLIP STEIN, Judge, presiding. Affirmed in this court. Opinion filed February 12, 1895.

HAMLINE, SCOTT & LORD, attorneys for appellant; REMY & MANN, of counsel.

ANSON B. JENKS and SLUSSER & JOHNSON, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant, as a creditor of the Coleman & Ames White Lead Company, filed a bill against the latter company and its stockholders to obtain satisfaction, and procured an injunction to prevent the appellee from receiving payment by sales under a chattel mortgage and an execution in his favor and against the White Lead Company.

Such proceedings were afterward had that, February 28,

Post-Boynton Strong Co. v. Williams.

1894, a decree was entered finding, among other things, that the appellant, and some intervening petitioners, were, when the bill was filed, creditors of the White Lead Company, and stating the amount due to the appellant; also various findings as to the relations of the White Lead Company with its stockholders; and that the sheriff had $9,102, which should be paid to the appellee on his mortgage and execution; and by the decree the injunction was dissolved and the cause referred to a master to take an account of the debts owing by the company, and of the amounts to be paid by the stockholders, respectively, and report. The amount due to any creditor other than the appellant, was not found, and as to that amount no directions were made as to how it should be paid, except inferentially from the directions to the master.

March 3, 1894, leave was given to the appellee to file a suggestion of damages—which he did—stating that he was damaged $500 by being deprived of the use of $9,102, realized by sales under the mortgage and execution from April 20, 1893, to February 28, 1894.

June 20, 1894, the court entered a decree that "it appearing from the evidence that the said George J. Williams, by reason of the suing out of said injunction was deprived of the use of $5,540.15, from the 19th day of May, A. D. 1893, until the 28th day of February, A. D. 1894, and of the sum of $3,000, from the 22d day of May, A. D. 1893, until the 28th day of February, A. D. 1894," interest at five per cent per annum during those periods, amounting to $321.09, was awarded as damages.

The counsel of the appellant argue that the decree of February 28, 1894, was one "finally disposing of the suit" within the meaning of Sec. 12, Ch. 69, Injunctions, and that therefore the suggestion of damages was too late.

That decree gave no relief to anybody, except by relieving the appellee from the injunction. It was purely interlocutory to procure the information upon which a final decree might be based.

The record does not show any notice to the appellant of,

or presence at, either the filing of, or the hearing upon, the suggestion of damages. My individual opinion of the loose practice in this State as to notice, I have put on record more than once, but this court has no authority to change that practice. Smith v. Brittenham, 88 Ill. 188; Cleaver v. Smith, 114 Ill. 114; Baldwin v. McClelland, 152 Ill. 42.

The appellee is one of the stockholders of the White Lead Company and it is objected that the court should not have awarded execution to collect these damages; that the appellant being a creditor of the White Lead Company, should have been allowed to retain them until an adjustment of the relations between the appellant as creditor and the appellee as stockholder. It is by no means certain that the unpaid indebtedness of the White Lead Company to the appellee may not exceed the *pro rata* that he must contribute to the payment of the debts of that company. At any rate, the damages awarded are a present liability of the appellant to the appellee, and there is no authority for staying collection because, possibly, hereafter the appellee may be required to contribute to a fund in which the appellant will share. The decree is affirmed.