GEORGE PRICE, Appellee, *vs.* THE DRAINAGE COMMISSIONERS OF UNION DISTRICT NO. 1, Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. DRAINAGE—*effect of construction of a ditch and branches by voluntary action.* Where a drainage ditch and branches are constructed by voluntary action of the land owners interested, there is an implied dedication by each of the several owners in favor of the others of an easement over his land for a ditch of such size and character as is assented to by the voluntary action of parties.

2. SAME—*district organized under section 76 of Farm Drainage act must pay for additional land taken.* The existence of the easement arising from the voluntary action of land owners in constructing ditches and drains does not authorize a drainage district subsequently organized out of the territory, under section 76 of the Farm Drainage act, to appropriate additional land for enlarging and repairing the ditches without the consent of the owner of the land or without paying him just compensation for the additional land taken or damaged.

3. SAME—*measure of damages where district organized under section 76 of the Farm Drainage act takes additional land.* Where a district organized under section 76 of the Farm Drainage act takes and damages additional land for enlarging and repairing the ditches without the consent of the land owner and without condemning the land, the land owner must recover in one action all

damages, both present and prospective, and the measure of such damages is the difference between the fair cash value of his farm before the improvement of the ditch and its fair cash value after the work was completed.

APPEAL from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding.

SWALLOW & SWALLOW, for appellant.

ACTON & ACTON, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellee, George Price, brought an action of trespass against the drainage commissioners of Union Drainage District No. 1, towns of Vance and Catlin, in Vermilion county, and recovered a judgment for $500, and the drainage district has removed the case to this court by appeal, basing the right of an appeal direct to this court on the ground that the constitutionality of a statute is involved. No question is raised as to the jurisdiction of this court.

The controversy arises out of the following facts: Appellee is the owner of 240 acres of farm land, a part of which is in Union Drainage District No. 1. He and other persons owning adjoining lands constructed, by voluntary agreement, a ditch and branches across the land of appellee and adjoining lands in order to make a combined system of drainage for the mutual benefit of the several land owners. Said ditch and its branches constituted a system of drainage by user. The main ditch as originally constructed across the lands of appellee was from 10 to 12 feet wide for a distance of 1350 feet, and for 750 feet it was from 10 to 100 feet wide. In December, 1910, some of the land owners in this system of drainage concluded that the original ditch was insufficient and that it should be widened and deepened to afford complete drainage. Appellee declined to make the improvements proposed, and thereupon certain

persons owning parts of the line of ditch petitioned for the formation of a drainage district, to include the lands interested in maintaining the ditches, under section 76 of the Farm Drainage act. The appellant district was organized and thereafter entered upon appellee's lands with a dredge boat and enlarged the old ditch so that it was from 22 to 25 feet wide for a distance of 1350 feet across appellee's land and 25 feet wide the remaining 750 feet. The dirt and clay removed from the ditch were thrown on both sides of the ditch, forming spoil banks from 3 to 3½ feet high and 28 feet wide on one side and 29 feet on the other. The appropriation of appellee's land for the improvement and enlargement of this ditch was without any condemnation, and this suit is brought to recover appellee's damages for the additional land taken for and that damaged by the improvement. The case was tried before the court without a jury, and, by appropriate propositions of law submitted, the construction and validity of section 76 of the Farm Drainage act as bearing upon appellee's right to recover, and the proper measure of his damages in case such right exists, are preserved for review in this court.

Appellant contends that where adjoining land owners by voluntary action construct a ditch for the purpose of making a combined system of drainage, such voluntary action on the part of the several parties interested operates as a dedication for such purpose of as much land as is reasonably necessary for such ditch and any additional land adjacent to said ditch that may be necessary for the repair and enlargement of such ditch, and insists that such contention is sustained by section 76 of the Farm Drainage act when properly construed. Appellee answers this contention by the argument that to so construe said section 76 as to authorize the drainage district to take and damage appellee's lands for the enlargement of this ditch would render said section unconstitutional, in that it would permit the taking and damaging of private property for public use

without just compensation, and that therefore said section 76 should be so construed as to avoid the constitutional objection, if such construction is possible.

Section 76 of the Farm Drainage act is as follows: "Where two or more parties owning adjoining lands which require a system of combined drainage, have by voluntary action constructed ditches which form a continuous line, or line and branches, the several parties shall be liable for their just proportion of such repairs and improvements as may be needed therefor, the amount to be determined as near as may be on the same principle as if these ditches were in an organized district. Whenever such repairs and improvements are not made by voluntary agreement, any one or more owning parts of such ditch shall be competent to petition for the formation of a drainage district to include the lands interested in maintaining these ditches. The petitioner or petitioners for the formation of such district must show to the satisfaction of the court that his or their land is damaged through the lack of proper repairs or improvements to said ditch or drain. The form of procedure and the conditions heretofore prescribed in this act shall be observed as near as practicable; but the ditches shall be taken as a dedication of the right of way, and their construction and joining as the consent of the several parties to be united in a drainage district. These ditches, if open, shall be made tile drains when practicable." (Hurd's Stat. 1909, p. 909.)

Under this section of the statute the construction of the original ditch is the result of the voluntary action of the parties interested, and we have no doubt that there is an implied dedication by each of the several parties of an easement over his land, in favor of the other interested parties, for a ditch of such size and character as is assented to by the voluntary action of the parties. Such, in effect, was the holding of this court in *Funston* v. *Hoffman,* 232 Ill. 360, where it was held that a right of action existed in fa-

vor of a tenant of one of the land owners against another land owner for damages resulting to crops from wrongfully taking up a tile drain that had been laid by the voluntary agreement of the parties under the statute of 1889. On page 366 of the opinion in that case this court said: "We think all of the decisions that have been rendered construing this statute tend to uphold the conclusion that an owner of land who has given his consent to the construction of a ditch, as did appellant in this case, is estopped from denying that there is a perpetual easement on his land on the ground that some other owner of land in such a system of drains did not legally consent thereto." The existence of the easement in favor of the several parties interested in the combined system of drainage arises out of the original contract or joint action of the land owners interested, but we cannot assent to appellant's contention that the existence of such easement, when the same passes to a drainage district formed under section 76, will authorize such district to enter upon the lands of the several parties interested and appropriate additional adjoining lands for the purpose of enlarging and improving such ditches without making just compensation for such additional lands as may be taken or damaged. It would be a harsh rule to say that a land owner who consented to the construction of a tile drain across his land for the mutual benefit of his land and that of his neighbors, thereby granted a perpetual easement to a drainage district subsequently formed to make an open ditch of any desired width along the line of such tile drain. To so construe section 76 would undoubtedly render said section unconstitutional. There was no error in holding that appellant was liable for the additional lands taken and damaged by the enlargement of this ditch.

The only remaining question discussed by appellant is that the court erred in the measure of damages applied. The court below assessed the damages of appellee at $500. The evidence shows that the additional land taken for the

ditch and that covered with the clay from the ditch is about three and a quarter acres, which was valued by the various witnesses at from $175 to $200 per acre. If appellee is entitled to recover the value of the land taken for the ditch and spoil banks the amount of damages is well within the evidence. The witnesses testify that the lands occupied by the spoil banks may in the course of time be reclaimed by spreading the spoil banks and cultivating until the clay becomes so intermixed with the soil that the land can again be made useful. The expense of spreading the spoil banks is estimated at from $50 to $100, and the length of time that it would require to restore the spoil banks to a tillable condition, and the extent of their value thereafter, are questions about which the opinions of the witnesses differ. Allowing appellee only for the land embraced within the banks of the open ditch, and assuming that the spoil banks are only damaged to the extent of the expense of spreading the clay, the damages allowed are excessive; but we think the measure of appellee's damages is the difference between the fair cash value of the farm as it was before the improvement of the ditch and its fair cash value after the work was completed, and in this view the rule adopted by the trial court was correct. The improvement is in its nature a permanent structure, and appellee can only have one recovery, which must include all his damages, both present and prospective, and under these circumstances the damages cannot be held excessive. The court did not err in respect to the measure of appellee's damages. *Chicago and Iowa Railroad Co.* v. *Baker,* 73 Ill. 316; *Chicago and Pacific Railroad Co.* v. *Stein,* 75 id. 41.

There being no error in the record the judgment of the circuit court of Vermilion county is affirmed.

*Judgment affirmed.*