MARTIN MAFFENBIER et al. Plaintiffs in Error, vs. WIL-
LIAM GEARHART et al. Defendants in Error.

*Opinion filed February 20, 1913.*

PRACTICE—*when bill is properly dismissed for want of equity
and not for want of prosecution.* Where a chancery cause is re-
ferred to the master, it is the duty of the master, after giving due
notice to the parties, to take the evidence offered by the defendant
even though the complainants do not appear, and when the cause
is heard by the chancellor on the evidence taken by the master the
chancellor may dismiss the bill for want of equity and need not
dismiss it for want of prosecution. (*Cleaver v. Smith,* 114 Ill.
114, explained.)

WRIT OF ERROR to the Circuit Court of Calhoun county;
the Hon. HARRY HIGBEE, Judge, presiding.

ANDRUS & TRUTTER, for plaintiffs in error.

E. L. CHAPIN, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The plaintiffs in error filed their bill against the de-
fendants in error for the partition of two lots in Calhoun
county, alleging that they were heirs-at-law of Michael
Maffenbier, who owned the lots and conveyed the same,
on November 11, 1878, to his wife, Elizabeth Maffenbier,
excepting the estate of homestead; that he died intestate,
leaving no children nor descendants and leaving his widow
and the complainants his only heirs-at-law, and that the
widow, Elizabeth Maffenbier, departed this life leaving no
heirs-at-law. Defendants in error, except William Gear-
hart, were defaulted. He answered, alleging that the deed
from Michael Maffenbier to his wife was an absolute deed
of conveyance; that the grantor, Michael Maffenbier, died
on October 30, 1883; that the grantee, Elizabeth Maffen-
bier, took possession at the time of the conveyance and

continued in exclusive possession until her death, on October 27, 1897, and that said defendant in error acquired the title from her heirs-at-law. The issue was referred to the master in chancery to take and report the evidence of the respective parties. The master reported that he gave written notice to the parties of the time and place when and where the evidence would be taken, the time being March 17, 1910, and the place his office in Hardin; that the solicitor for the plaintiffs in error did not appear, and that he took the proofs offered by the defendant in error William Gearhart. He returned the evidence with his report. The cause was heard by the chancellor on the bill, answer, replication and the master's report and the bill was dismissed for want of equity. This suit was begun by a writ of error sued out of this court to review the decree.

The plaintiffs in error concede that it was proper to dismiss their bill but contend that it should have been dismissed for the want of prosecution, because they failed to prosecute their suit with diligence or to appear at the hearing. The decree does not show that they failed to appear at the hearing but rather the contrary, since it recites that the court heard the evidence and the arguments of counsel, but whatever the truth may be as to their appearing or failing to appear, the case was on final hearing on the testimony taken before the master. When the cause was referred it became the duty of the master to take such evidence as was offered, and the evidence offered by the defendants in error was properly taken. The case, when called, was not in the same condition as the case of *Cleaver* v. *Smith,* 114 Ill. 114, in which all the defendants except one filed a joint and several answer and a general replication was filed but no steps were taken in the case by any party after the filing of the replication until the case was called for hearing, and at that time no evidence was offered by either party. The defendants there merely moved to dismiss the bill because the complainants did not appear,

while in this case there had been a taking of evidence before the master in chancery and the evidence taken in pursuance of the order of reference was offered on the hearing. Under those circumstances the chancellor was not required to dismiss the bill for want of prosecution.

The decree is affirmed.

*Decree affirmed.*