HENRY YOTT *et al.* Plaintiffs in Error, *vs.* ELIZA YOTT *et al.* Defendants in Error.

*Opinion filed February 20, 1913.*

1. CERTIFICATES OF EVIDENCE—*certificate of evidence will prevail over recitals of clerk in record.* There is no distinction between a bill of exceptions and a certificate of evidence, both of which are designed to preserve and make a part of the record proceedings not otherwise of record, and the certificate of evidence will prevail over the recitals by the clerk in the record.

2. SAME—*motion not shown by certificate of evidence is to be taken as not having been made.* A motion by the defendants to dismiss a bill for want of diligence in prosecution must be preserved in the certificate of evidence, and if not contained therein it is to be considered as not having been made, even though the decree as written in the record by the clerk erroneously recites that the case had been set for trial and states that the motion of the defendants to dismiss the bill for want of prosecution was allowed and the cause dismissed.

3. PRACTICE—*court may, of its own motion, dismiss cause for want of prosecution in a proper case.* In a proper case the court may, of its own motion, dismiss a cause for want of diligent prosecution, but whether its action in that regard will be sustained by a court of review depends largely upon particular circumstances.

4. SAME—*litigants should be given reasonable opportunity to present their cause.* It is the duty of a complainant to prosecute his suit with due diligence and if there is unreasonable delay his bill ought to be dismissed; but the purpose of the courts and the law is to accomplish justice, and to give every litigant an opportunity to present his cause unless he has been guilty of such negligence as to forfeit his rights.

5. SAME—*when bill should not be dismissed by court for want of prosecution.* A bill to contest a will should not be dismissed by the court for want of diligent prosecution without entering some order to expedite the cause, even though counsel for the complainants has not been as active as he should have been to secure service on certain of the defendants, where the time fixed by law for filing a bill to contest the will has expired and counsel is in court asking for a continuance and for an order for an *alias* summons.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

James R. Ward, for plaintiffs in error.

Winston, Payne, Strawn & Shaw, (John Barton Payne, Edward W. Everett, and James H. Winston, of counsel,) for defendants in error.

Mr. Justice Cartwright delivered the opinion of the court:

On June 1, 1911, the plaintiffs in error filed their bill in the circuit court of Cook county to contest the will of Francis Yott, deceased. They were nineteen in number and alleged that they were heirs-at-law of Francis Yott, and they made the remaining heirs-at-law, the legatees, devisees and executrix, defendants. A summons was issued to the sheriff of Cook county against all the defendants, which was returned on June 5, 1911, served on one of them, the others not found. A summons was also issued to the sheriff of Kane county, which was served on an insane defendant June 3, 1911. On June 20, 1911, an appearance was filed for four defendants, including the insane one. On July 11, 1911, three of said defendants, who were legatees, devisees and executrix, filed an answer, but no guardian was appointed for the insane defendant and no answer was filed for him. Notice was published and mailed to two non-resident infant defendants, and two adult defendants who were heirs-at-law were not served with process. On February 20, 1912, the case was called for trial and the court dismissed the bill for want of prosecution. A writ of error was issued from this court on the application of plaintiffs in error to obtain a review of the record.

The decree as written in the record by the clerk recites that it appeared that on December 18, 1911, the case was set for trial upon the first call of the calendar made by the court; that on the day when the bill was dismissed the defendants announced that they were ready for trial, and that the motion of the defendants to dismiss the cause for

want of prosecution was allowed and the cause dismissed. The clerk certifies the record to be complete, and there is no record of any order setting the cause for trial. The certificate of evidence signed and sealed by the judge recites that it contains all the proceedings had in respect to the dismissal of the suit for want of prosecution, and it contains no statement that the defendants announced that they were ready for trial or that they made any motion to dismiss the bill for want of prosecution. There is no distinction between a bill of exceptions and a certificate of evidence, both of which are designed to preserve and make a part of the record proceedings not otherwise of record, and the certificate of evidence will prevail over the recitals by the clerk in the record. (*Hirth* v. *Lynch,* 96 Ill. 409; *McChesney* v. *People,* 174 id. 46; *Catholic Order of Foresters* v. *Fitz,* 181 id. 206; *Indiana, Decatur and Western Railway Co.* v. *Hendrian,* 190 id. 501.) That which is proper matter for a bill of exceptions or certificate of evidence and which is not contained in it is to be taken as not having occurred. What took place according to the certificate of evidence is, that the case was called for trial, and the solicitor for the complainants and the solicitor for the three defendants who had answered, appeared. The solicitor for complainants stated that there was no service upon two of the heirs-at-law who were defendants, and he asked for a continuance to the next term and an order for an *alias* summons. This was followed by a colloquy between the court and the solicitor, in which the solicitor said that they had been ready and were ready then but could not proceed to trial because necessary parties were not served, and the court said that the solicitor had not prosecuted the suit as he should have done; that the court would dismiss the suit for want of prosecution; that he would send for a jury, and wanted the solicitor to understand that there was a jury ready, and that the court would dismiss the suit for want of prosecution.

The solicitor for the three defendants said nothing during the proceeding except to make a statement at one time that the suit was begun June 1, 1911, and said defendants appeared June 20, 1911, and at another time that on December 18 he (probably meaning the solicitor for the complainants) had it set for trial. The court said it was his duty to dismiss the cause in view of the fact that counsel were insisting on their rights, and he directed a dismissal on the motion of the defendants for want of prosecution, although the certificate of evidence shows no motion.

It was, perhaps, not essential that there should be any motion by the three defendants who had filed an answer to dismiss the bill for want of prosecution, since the court in a proper case could dismiss it for that cause on his own motion and the power exists independently of any statute. Ordinarily there has been a motion by the opposite party, and the dismissal has been approved or disapproved under various circumstances. *Sanitary District v. Chapin,* 226 Ill. 499, was a proceeding to condemn land under the Eminent Domain statute, which was summary in its nature. Nothing had been done for four years, and the land had greatly increased in value while the damages would have to be ascertained as of the time of filing the petition, and the action of the court was sustained. In *Bonney v. Mc-Clelland,* 235 Ill. 259, the suit was for libel, and the court having been shown by an affidavit that the defendant was entitled to a speedy trial, advanced the cause and set it for trial on a fixed day. The delay was less than five months, but it was held that the order advancing the cause rested in sound legal discretion, which would never be interfered with except for manifest abuse, and that in view of the conduct of the plaintiff the suit was properly dismissed. *Rodman v. Wurzburg,* 183 Ill. 395, was an election contest governed by chancery rules, where there was a right to a speedy trial. It was held the court was not authorized to dismiss the petition for want of prosecution because of

the petitioner's refusal to proceed to an immediate hearing when the cause was not at issue. In *Leonard* v. *Garland,* 252 Ill. 300, there had been a delay of eight months, and the complainants being in court and objecting to a dismissal of their bill, it was held that the action of the court could not be sustained on the alleged ground of a failure to prosecute the suit with due diligence.

These cases illustrate the principle that each case must be judged by its own facts and circumstances. It is the duty of a complainant to prosecute his suit with diligence and if there is unreasonable delay his bill ought to be dismissed, but the purpose of courts and of the law is to accomplish justice, and to give to every litigant an opportunity to present his cause if he has not been guilty of such negligence as to forfeit his right. In this case the cause was not ready for trial and could not have been tried, as was well known at the time. There was no jurisdiction of two defendants. No guardian *ad litem* had been appointed for the infant defendants or for the insane one. Doubtless there had been inattention on the part of the solicitor for the complainants, and generally the client must suffer for the negligence of his solicitor, but the limitation fixed by the statute for suits to contest wills is very short and in this case had expired, so that the dismissal of the bill left the complainants without any opportunity to present their claims as to the invalidity of the will. In view of all the circumstances we think the court should have entered some rule to expedite the cause and to have given sufficient time to permit the complainants to secure service on the defendants not served and who did not appear.

The decree is reversed and the cause is remanded.

*Reversed and remanded.*