(No. 18291.—Reversed and remanded.)
George Epley *et al.* Appellants, *vs.* Hettie M. Epley *et al.* Appellees.

*Opinion filed February 24, 1928.*

1. Practice—*power of court to dismiss for want of prosecution depends on circumstances.* The trial court may dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independently of any statute, but the question to be determined in such a case is whether the power vested in the court was properly exercised under all the circumstances of the case.

2. Same—*bill should not be dismissed for want of prosecution unless complainant is guilty of inexcusable delay.* It is the duty of the complainant to prosecute his suit with diligence and if there is unreasonable delay his bill ought to be dismissed, but it is error to dismiss, on motion of the defendant, a bill which states a good cause for equitable relief unless inexcusable delay in prosecuting the suit is shown.

3. Wills—*when bill to contest will should not be dismissed for want of prosecution.* A bill to contest a will should not be dismissed for want of prosecution, on motion of the defendants, where the complainants, after the cause had been continued for service, procured service on all the defendants named in the bill to the

term to which the cause had been continued but after continuance of the cause generally on an alleged plea in abatement (entered on the judge's docket but not shown in the record) it is discovered that a necessary party, who was not a party to the probate proceeding, was not made a defendant nor served with summons.

Appeal from the Circuit Court of Gallatin county; the Hon. C. H. Miller, Judge, presiding.

Bex A. Trimble, and William Denton, for appellants.

David T. Rosenthal, Joe A. Pearce, and Thomas H. Daily, for appellees.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Gallatin county dismissing appellants' bill to contest the will of Jarrett Epley, deceased, for want of prosecution. The cause was appealed to the Appellate Court and by it transferred to this court on the ground that a freehold is involved.

The will of Epley devised real estate. The bill of appellants was filed on the 8th day of September, 1925. It made defendants thereto Hettie M. Epley, his widow, Lawrence Epley, Lewis Smith and Ella Dewey. Summons was issued for the defendants. The return on the summons shows service on Hettie M. Epley on September 15, and that Lawrence Epley, Lewis Smith and Ella Dewey could not be found in the county. On motion of solicitors for complainants the cause was continued for service as to all of the defendants not served. At the April, 1926, term, on motion of solicitors for Lawrence Epley, the court entered a rule that complainants either procure written entries of appearance or legal service on all defendants in apt time for the next June term of the court. The cause was again continued for service. The decree of dismissal recites that on June 7, 1926, one of the days of the June

term, counsel for Hettie M. Epley, as executrix of the last will and testament of Jarrett Epley, had the court note on his docket the words, "Plea in abatement." The decree then recites that the cause was continued generally. On the 4th day of October, 1926, one of the days of the October, 1926, term, Lawrence Epley by his counsel filed a motion to dismiss the bill for lack of service on all defendants, and on November 9 following, complainants by their solicitors filed an affidavit for continuance. The court allowed the motion of Lawrence Epley to dismiss the bill for want of prosecution. No plea in abatement appears in the record and nothing to indicate such a plea other than the words on the judge's docket, "Plea in abatement." The judge's docket is not a part of the record.

It does not appear from the record whether Hettie M. Epley was served with summons as executrix. The affidavit for continuance filed at the November, 1926, term avers that counsel for complainants did not know until June, 1926, that Roye Smith was a necessary party defendant; that he was not made a party to the petition to probate the will; that since that time affiants had put forth every effort to discover the whereabouts of Smith; that affiants secured information to the effect that he was located at Ellet, Ohio, P. O. box 471, and Sayerwood, Ohio, P. O. box 200, but on investigation of both places by sending registered mail, affiants learned that Smith had moved; that affiants had exhausted all means of finding his whereabouts, and ask that he be given notice by publication for the reason that he is now a non-resident of the State of Illinois and his whereabouts is unknown. The affidavit of Lawrence Epley filed with the motion to dismiss the bill sets out the various continuances and states that four terms of court had passed without complainants having obtained service; that he is an heir and devisee under the will and that he is a poor man, and unless the cause is dismissed the assets may be frittered away in useless litigation. His affidavit

also alleges that complainants had not used due diligence in securing the service of summons upon defendants.

It appears from the record that no answer or answers or any plea was at any time filed by any of the defendants served. It is evident that the issues were not made up. The court entered a rule at the April, 1926, term on complainants to secure service on all defendants in apt time for the June term. The record shows that by the June, 1926, term service had been had on all defendants named in the bill. Roye Smith was not a party to the proceedings to probate the will. It is averred in the affidavit for continuance that complainants did not know until June, 1926, that he was a necessary party, and that since that time they had made diligent search to find him. There is nothing in the record denying these statements of fact. The trial court may dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute. (*Leonard* v. *Garland,* 252 Ill. 300; *Sanitary District* v. *Chapin,* 226 id. 499.) The question to be determined in such a case is whether the power vested in the court was properly exercised under all the circumstances of the case. It is error to dismiss a bill which states a good cause for equitable relief, on the motion of the opposite party, unless the complainant has been guilty of inexcusable delay in prosecuting the suit. (*Leonard* v. *Garland, supra.*) It is the duty of the complainant to prosecute his suit with diligence, and if there is unreasonable delay his bill ought to be dismissed. (*Yott* v. *Yott,* 257 Ill. 419.) Section 21 of the Practice act (Cahill's Stat. 1927, par. 21,) provides: "No suit, action or proceeding, at law or in equity, shall be dismissed for want of prosecution at any time except when such cause shall be actually reached for trial in its order as set for trial," etc. Each case must be judged by its own facts and circumstances. In *Yott* v. *Yott, supra,* the cause was not ready for trial and could not have been tried, and it was

held to be error to dismiss the bill for want of prosecution. Defendants in this case who were served filed no answers and the cause was in nowise at issue.

The record, certified by the clerk as complete, discloses that there was no plea in abatement pending and that no such plea was ever filed. The grounds of such plea are nowhere disclosed in the record. The will of Jarrett Epley was probated on the 16th of September, 1924. At the time the order of dismissal was entered the period in which a contest could be instituted had elapsed. If counsel for defendants desired the benefit of an order of dismissal they should have caused the record to show that they had done that which was required of them toward bringing the cause to a hearing. While counsel for appellants have not shown diligence in securing service by publication on Roye Smith, they complied with the rule on them entered at the April, 1926, term to secure service on all defendants to the bill by the next term of court, by securing service on all parties known by them to be necessary. There is nothing in the record to indicate that appellants or their counsel knew that Smith was a necessary party to the bill prior to the June, 1926, term. Their affidavit is that they did not. Appellants were not at the June term in default of any rule entered on them to secure service on defendants to the bill. We are of the opinion that owing to these facts, and particularly to the fact that appellees' counsel had not put themselves in a position, so far as the record shows, to proceed to a hearing, it was error on the part of the chancellor to dismiss the bill for want of prosecution.

The decree is therefore reversed and the cause remanded. *Reversed and remanded.*