Ole Svela, Appellant, v. Isadore M. Bloch et al., Appellee.

Gen. No. 9,288.

Opinion filed March 31, 1938.

Scott & White, of Glen Ellyn, for appellant.

Ralph B. Treadway and Gale C. Marquess, both of Glen Ellyn, for appellee.

Mr. Presiding Justice Dove delivered the opinion of the court.

On September 14, 1926, a bill to foreclose a mechanic's lien was filed in the circuit court of DuPage county by Ole Svela. The bill made Isadore M. Bloch, DuPage Trust Company and Herman Weiss, defendants, and alleged among other things that the complainant was a contractor and on November 15, 1927, entered into a verbal contract with the defendant Bloch, the owner of the premises described in the complaint, by the terms of which the complainant furnished certain labor and material in making certain described improvements

upon said premises for which there was due the complainant at the time the bill was filed the sum of $2,699.80, together with interest thereon from September 15, 1927. The bill prayed for an accounting and that the defendants be decreed to pay the complainant the amount so found due and that in default thereof the premises be sold under the order and direction of the court.

Personal service was had upon the DuPage Trust Company, a corporation, on May 23, 1930, upon the defendant Herman Weiss, May 29, 1930, and upon defendant Isadore M. Bloch, May 15, 1931. None of the defendants filed an answer or entered any appearance in the proceeding and on November 27, 1931, a decree was entered defaulting the defendants and ordering that the bill of complaint be taken for confessed against them. On the same day the following order was entered: "Proofs heard. Decree as per draft (to be filed)."

No further action was taken in the proceeding until May 20, 1937, at which time Fannie P. Newton served notice upon the complainant and upon his attorneys advising them that she was the present owner of the property involved in the proceeding and that on May 26, 1937, she would move the court for leave to be made a party to the proceeding and to have set aside the portion of the record showing that on November 27, 1931, proofs had been heard and that a decree as per draft was to be filed and to have said cause dismissed for want of prosecution. This petition was duly filed on May 26, 1937, and subsequently an amended petition filed on June 10, 1937. This amended petition described the premises involved herein and alleged that petitioner was the present title holder and sole owner thereof subject to the incumbrances thereon of record, that she derived title and ownership thereof from the said DuPage Trust Company by deed dated April 4,

1934, that the complainant Ole Svela instituted this proceeding to foreclose a mechanic's lien on September 14, 1929, that he prosecuted said suit without any appreciable delay or interruption until November 27, 1931, on which date an order of default was entered by the court, defaulting all defendants in said suit, that thereupon proofs were heard and the court found that the mechanic's lien of Ole Svela, the complainant, was an inferior lien to the mortgage lien theretofore existing on the property in favor of the defendant Herman Weiss and that on that day an order was entered showing that the proofs were heard and a decree awarded "as per draft to be filed," that since November 27, 1931, there has been no affirmative action taken in said suit and that the decree contemplated and considered by the court in the entry of the above order has not been filed. Her petition further alleged that she had no knowledge of the pendency of this proceeding until immediately previous to the time she filed herein her original petition, that she had paid interest upon the first mortgage dated November 17, 1925, and that due to the delay in prosecuting this proceeding she had sustained irreparable injury through no fault of her own or lack of diligence on her part. The prayer of her amended petition was that the order entered on November 27, 1931, "Decree as per draft (to be filed)," be stricken or set aside and that said proceeding be dismissed for want of prosecution. To this amended petition the complainant, Ole Svela, filed his motion to strike. Upon a hearing this motion was, on September 10, 1937, denied and Svela ruled to answer the amended petition within 7 days. Before the expiration of said 7 days and on September 15, 1937, Svela gave opposite counsel notice that he had elected to abide by his motion to strike and that he refused to answer the petition as amended and the chancellor, accordingly, on September 16, 1937, entered an order so finding and

further finding that the intervenor, Fannie P. Newton, had sufficient interest in the subject matter of this cause to entitle her to intervene and to have her petition adjudicated, that the allegations of her amended petition were admitted by the motion of Svela to strike the same and that she was entitled to the relief sought. This order struck from the record the order of November 7, 1931, reading as follows: ''Decree as per draft (to be filed)'' and dismissed the bill for want of prosecution. From this order, the original complainant, Ole Svela, has prosecuted this appeal.

Counsel for appellant state that in a proper case a court may, before a hearing, dismiss a cause for a failure upon the part of the plaintiff to prosecute his suit with due diligence but insist that in the instant cause there was no want of prosecution, that the cause had been heard and decided and that after a hearing a suit cannot be dismissed for want of prosecution. In support of this contention the cases of *Cleaver v. Smith,* 114 Ill. 114 and *Maffenbier v. Gearhart,* 257 Ill. 315, and *Yott v. Yott,* 257 Ill. 419, are called to our attention.

In *Cleaver v. Smith, supra,* it appeared that some of the defendants had answered and that a replication had been filed and the cause set for hearing. At that time the complainant did not appear and the court entered a decree dismissing the bill for want of equity and the Supreme Court held that the proper order to have entered was to dismiss the suit for want of prosecution. In *Maffenbier v. Gearhart, supra,* it appeared that the defendants had answered the bill, that a replication had been filed and the cause referred to the master to take the evidence. At the hearing before the master, the evidence offered on behalf of the defendants was taken by the master and reported to the court. The decree recited that the cause was heard upon the bill, answer, replication and master's report, that the court heard the evidence and arguments of

counsel and dismissed the bill for want of equity, and the Supreme Court held that the chancellor was not required, under those circumstances, to dismiss the bill for want of prosecution but affirmed the decree dismissing the bill for want of equity.

In *Yott v. Yott, supra,* it appeared that the bill to contest the will of Francis Yott was filed on June 1, 1911. On February 20, 1912, the cause was called for trial and the solicitor for the complainants and the solicitor for three of the defendants who had been served with process and who had answered appeared. The solicitor for the complainants requested a continuance and an alias summons, as two of the heirs at law of the testator, who had been made defendants, had not been served with process. It further appeared that there were two nonresident infant defendants who had been served by publication and one insane defendant who had been personally served but no guardian *ad litem* had been appointed for the infant defendants or for the insane one at the time the cause was called for trial. No motion to dismiss the cause was made by counsel representing the defendants who had answered but the court of its own motion dismissed the bill for want of prosecution. In reversing this decree the Supreme Court, speaking through Mr. Justice Cartwright, said: ''It was, perhaps, not essential that there should be any motion by the three defendants who had filed an answer to dismiss the bill for want of prosecution, since the court in a proper case could dismiss it for that cause on his own motion and the power exists independently of any statute. Ordinarily there has been a motion by the opposite party, and the dismissal has been approved or disapproved under various circumstances. *Sanitary District v. Chapin,* 226 Ill. 499, was a proceeding to condemn land under the Eminent Domain statute, which was summary in its nature. Nothing had been done for four years, and the land had greatly increased in value while the damages would

have to be ascertained as of the time of filing the petition, and the action of the court was sustained. In *Bonney v. McClelland,* 235 Ill. 259, the suit was for libel, and the court having been shown by an affidavit that the defendant was entitled to a speedy trial, advanced the cause and set it for trial on a fixed day. The delay was less than five months, but it was held that the order advancing the cause rested in sound legal discretion, which would never be interfered with except for manifest abuse, and that in view of the conduct of the plaintiff the suit was properly dismissed. *Rodman v. Wurzburg,* 183 Ill. 395, was an election contest governed by chancery rules, where there was a right to a speedy trial. It was held the court was not authorized to dismiss the petition for want of prosecution because of the petitioner's refusal to proceed to an immediate hearing when the cause was not at issue. In *Leonard v. Garland,* 252 Ill. 300, there had been a delay of eight months, and the complainants being in court and objecting to a dismissal of their bill, it was held that the action of the court could not be sustained on the alleged ground of a failure to prosecute the suit with due diligence. These cases illustrate the principle that each case must be judged by its own facts and circumstances. It is the duty of a complainant to prosecute his suit with diligence and if there is unreasonable delay his bill ought to be dismissed, but the purpose of courts and of the law is to accomplish justice, and to give to every litigant an opportunity to present his cause if he has not been guilty of such negligence as to forfeit his right. In this case the cause was not ready for trial and could not have been tried, as was well known at the time. . . . No guardian *ad litem* had been appointed for the infant defendants or for the insane one. Doubtless there had been inattention on the part of the solicitor for the complainants, and generally the client must suffer for the negligence of his solicitor,

but the limitation fixed by the statute for suits to contest wills is very short and in this case had expired, so that the dismissal of the bill left the complainants without any opportunity to present their claims as to the invalidity of the will. In view of all the circumstances we think the court should have entered some rule to expedite the cause and to have given sufficient time to permit the complainants to secure service on the defendants not served and who did not appear."

In the instant case the only decree that had been entered prior to the order of September 16, 1937 (from which this appeal is prosecuted) was an interlocutory one entered on November 27, 1931, which recited service on the defendants and defaulted them. The record discloses that on that day proofs were heard and a decree as per draft was to be filed. The nature or substance of the decree which the chancellor indicated he would approve does not appear from the record as no decree was ever presented to the chancellor for approval. According to the allegations of the petition of appellee the court found that the mechanic's lien of appellant which he sought to foreclose was inferior to the mortgage lien of defendant Weiss. The petition of appellee also discloses that she, at the time of filing her petition, was the sole owner of the premises which appellant sought by his bill filed September 14, 1929, to subject to the payment of the amount alleged to be due him. She therefore had a direct interest in the subject matter of the litigation which appellant had instituted. She certainly had substantial rights which it was equitable for the chancellor to consider and she therefore had a right to intervene. *Schaeffer v. Potgel,* 238 Ill. App. 335.

In our opinion the chancellor correctly held that appellee had a right to intervene and that the allegations of the amended petition were sufficient to require appellant to answer and appellant was ruled to answer

the same within a week. Appellant refused to answer and elected to abide by his motion to strike. The record discloses that from November 27, 1931 until September 16, 1937, when the final order dismissing this suit was entered, appellant took no affirmative step toward prosecuting his foreclosure proceeding. to a final determination. Under all the authorities of this State it is the duty of a plaintiff to prosecute his suit with due diligence and if there is unreasonable delay the suit will be dismissed unless the delay is shown to be excusable. Here almost 6 years elapsed between November 27, 1931 and September 16, 1937, during all of which time appellant did nothing, except to move on June 21, 1937, to strike the amended petition of appellee which in effect called upon him to show cause why his suit should not be dismissed for want of prosecution. It cannot be seriously contended that appellant prosecuted his suit with proper diligence. His failure to prepare and have approved and filed the final decree according to the order of November 27, 1931, indicates his wilful and deliberate abandonment of all effort to further prosecute his suit.

Counsel argue, in their reply brief, that before the chancellor was warranted in dismissing this suit appellee should have procured a rule on appellant to expedite the cause. Under the facts as shown by this record, we do not think so. Furthermore upon the facts being disclosed to the chancellor as they appear from appellee's petition, it occurs to us that if appellant had any excuse to offer for his unreasonable delay, it was incumbent upon him to set that excuse up by way of an answer to appellee's petition. This appellant refused to do. As said in *Sanitary District v. Chapin*, 226 Ill. 499, at page 502, none of the cases cited and relied upon by appellant go to the extent of allowing a plaintiff to do nothing for several years and then to answer a motion to dismiss by saying that he is now

ready to proceed. In the instant case, however, appellant does not even say he is ready to proceed, he refuses to attempt to excuse his delay and refuses to ask any further indulgence of the court. The decree appealed from is right and should be affirmed.

*Decree affirmed.*