**M. C. Camp and Lena Z. Bower, Appellees, v. Union Drainage District No. 1, Townships of Raymond and Harvel, Montgomery County, Appellant.**

**Gen. No. 9,320.**

at the February term, 1942. Heard in this court Opinion filed May 20, 1942.

FLESHER & TAYLOR, of Taylorville, for appellant.

HILL & VANDEVER, of Hillsboro, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

M. C. Camp and Lena Z. Bower, plaintiff appellees, were the owners of certain real estate in Montgomery county, Illinois, a portion of which is within the boundaries of Union Drainage District No. 1, of the Towns of Raymond and Harvel, Montgomery county, Illinois, the defendant appellant.

In 1930, the commissioners of said district, according to plans and specifications, duly prepared by their engineer, let a contract to a dredging concern to clean out and deepen surface ditches within the boundaries of said district for the purpose of better draining the lands within the district. One branch of the surface ditch crossed the lands of the appellees for a distance of about 2,200 feet.

The drainage district was organized originally in 1910 and the plans for the improvement then provided for a tile drain through the property of the appellees. Such tile drain was so constructed in 1912. No further agreement for right of way across the lands of appellees was ever secured or permission from the owners to enter the lands for the purpose of making new improvements. The work done in 1930 consisted in dredging a ditch 11.3 feet wide at the top, three feet wide at the bottom and two and one-half feet deep, according to the testimony of the engineer for the district. About 1,500 cubic yards of earth was excavated on the land of appellees and distributed in spoil banks from 12 to 15 feet wide on either side of the ditch.

The gist of the complaint is that the appellant broke in and entered the farm of appellees and without authority excavated the ditch heretofore described, resulting in damages to the appellees for land taken and for damages to the land not taken. The tenant, who

had long worked the farm, testified that prior to the digging of the ditch there was a depression in the land along the line where the tile had been laid but that he had always been able to farm across such depression; that since the improvement had been made he was unable to drive across the ditch and that it took a number of years to level off the spoil banks so that they could be farmed; that on one parcel it left a three cornered tract of about three acres which was hard and inconvenient to farm.

The suit was started in 1932 but never tried until January 1941. On a trial before a jury and at the close of all of the testimony, the court instructed the jury to find the issues for the appellees, leaving the only question for their determination the amount of damages. The jury returned a verdict for appellees for the sum of $1,000. On motion for a new trial the court ordered a remittitur in the sum of $400, then overruled the motion and entered judgment in favor of appellees for $600, and costs of suit.

For reversal of the judgment the appellant relies on two main contentions.

First: That the cause should have been dismissed for want of prosecution.

Second: That where there was any testimony to support appellant's theory that the work was done within the original drainage ditch, the issue should have been submitted to a jury.

As to the first question the record shows a complete lack of diligence on both sides to have the case called up for disposition. The history of the case shows the following situation: The suit was instituted in the circuit court of Montgomery county in October 1930, and the issues were finally settled on July 26, 1932. From that date until the April Term, 1940, nothing whatever was done by either side toward bringing the suit to trial. During that term the court of its own motion set the cause for hearing for May 6,

1940, and on that same date canceled and vacated the order setting the case for trial. No further orders were taken in the case until the January Term, 1941. On January 20, 1941, the appellant drainage district moved the court to dismiss said cause for want of prosecution. On the same date the appellees appeared and filed a suggestion of the death of Mallory C. Camp, one of the original plaintiffs to the suit, and moved to substitute Frances Camp Bodman, administrator with the will annexed of the estate of Mallory C. Camp, deceased, as a party plaintiff. This motion was properly verified and granted by an order of the court under said date and the substitution made. Again on the same day the appellees were granted leave to amend the complaint by showing the suggestion of death and the substitution as aforesaid, and by the same order the case was set for trial on January 28, 1941. On the 28th day of January, 1941, the day set for trial, the appellant filed another motion to dismiss on the ground that heretofore there had been pending in said court a mandamus suit by the same plaintiffs against appellant, and a writ awarded compelling the construction of a bridge over the ditch in question.

On the same date appellant filed another motion to dismiss for want of prosecution. Both of said motions were overruled and the case proceeded to trial.

Appellant insists that under these circumstances the claim was stale; that the five-year-limitation statute was nullified by the unusual delay and that it was the duty of the court to dismiss the action for want of prosecution. If the appellant had shown the slightest diligence about bringing the case to trial such claim would be fully justified. However, their first motion to dismiss was filed on the very day the appellees suggested the death of one of the plaintiffs and moved to substitute the personal representative of his estate as such plaintiff. Eight days after the sub-

stitution was allowed and the complaint amended the case was set for trial. On the morning of the day set for trial the appellant made another motion to dismiss. No application by appellant was ever made for a rule on appellees to take any steps toward a final disposition of the case. If appellant ever sought an order of dismissal they should have caused the record to show that they had done that which was required of them toward bringing the cause to a hearing. *Leonard v. Garland,* 252 Ill. 300; *Yott v. Yott,* 257 Ill. 419; *Epley v. Epley,* 328 Ill. 582.

Concerning its contention No. 2, the appellant insists that one of the issues in the case was whether or not the defendant entered the land of appellees by leave and license and that such issue presented a disputed question of fact which should have been submitted to a jury. The evidence shows without contradiction that when the drainage district was formed in 1910, the plans provided for a tile and not an open ditch through the lands of appellees; that the improvement was completed in accordance with such plans; that no further right of way for an open ditch was ever secured by agreement or otherwise.

It is conceded that the drainage law of Illinois permits the commissioners of a drainage district to enter upon the lands included in its boundaries for the purpose of cleaning out and repairing surface drains to afford better and adequate drainage. We do not believe they have any power however to prepare plans and specifications calling for the installation of a tile drain, and 18 years later return and dig a large, wide, open ditch over the same line without securing further permission or paying damages. In *Price v. Union Dist. No. 1 Drain. Com'rs,* 253 Ill. 114, it was specifically held that a land owner who had consented to the construction of a tile drain across his land for the mutual benefit of his own land and that of his neighbors did not grant a perpetual easement to the drain-

age district subsequently formed to make an open ditch.

Under the testimony of both the appellant and the appellees, it is clear that the district committed a trespass on the lands of the appellees and that therefore, they were liable for at least nominal damages. Therefore, it was correct and proper for the trial court to instruct the jury to find a verdict in favor of appellees.

The other points set out in the statement of the case by appellant are argued but slightly and are not supported by any citation of authority and, therefore, not considered in this opinion.

The appellees filed a cross error contending that the court committed manifest error in requiring a remittitur in the sum of $400, and entering judgment for only $600, when the preponderance of the evidence was to the effect that appellees were damaged to the extent of at least $1,000, the amount awarded in the verdict of the jury.

The record shows that such remittitur was entered by the appellees before the motion for new trial was passed upon by the trial judge. While a court may not compel the plaintiff to remit any part of the verdict, it may give him his election to do so or take a new trial. Such practice has long been established in this State, and where such action does not disclose any prejudice or passion on the part of the court or the jury it should be affirmed. *Knight v. Seney*, 290 Ill. 11; *North Chicago St. R. Co. v. Wrixon*, 150 Ill. 532.

Finding no substantial error in the record the judgment of the circuit court is affirmed.

*Affirmed.*