MARIANNE R. WIGGINS MOHR, Plaintiff-Appellee, *v.* JERRY R. WIGGINS, Defendant-Appellant.

First District (4th Division)    No. 61223

Opinion filed January 27, 1977.

Henry A. Kalcheim, of Chicago (Joel L. Greenblatt and Michael A. Cutler, of counsel), for appellant.

No brief filed for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On April 18, 1973, the plaintiff-appellee, Marianne Wiggins Mohr, filed a "Petition For Registration of Foreign Judgment" in the Circuit Court of Cook County, Illinois, Divorce Division. On September 19, 1974, on the motion of the defendant-appellant, Jerry Wiggins, the cause was "dismissed with prejudice" for want of prosecution. The trial court granted the plaintiff leave to file a motion to set aside the order of dismissal, and on November 15, 1974, plaintiff's motion to vacate the dismissal for want of prosecution with prejudice was sustained. The defendant appeals.

The issue presented for review is whether the trial court erred in vacating a dismissal for want of prosecution with prejudice, where the sustained motion to vacate was not supported by affidavit and the cause had been previously dismissed for want of prosecution.

On December 1, 1964, plaintiff, the former Marianne Wiggins, was granted a divorce from Jerry Wiggins in the superior court of Pierce County in the State of Washington. The decree of divorce incorporated the property settlement and custody and support agreement entered into by the parties. Custody and control of the parties' four minor children was awarded to the plaintiff. The decree provides that the defendant pay to the plaintiff $160 per month, a sum of $40 per month for each child, for the care and support of their children until each child becomes of legal age or self-supporting.

On April 18, 1973, the plaintiff filed a "Petition For Registration of Foreign Judgment" in the circuit court of Cook County, to enforce the orders of the foreign decree. The petition set forth plaintiff's allegation that the defendant had failed to make child support payments to the plaintiff, and that he was in arrears in the aggregate amount of $9,853.40 as of December 31, 1972, the date of accounting. Plaintiff prayed for judgment to be entered against the defendant for the amount of the arrearage, the sum of payments due subsequent to the accounting and prior to judgment, together with interest and all court costs incurred by the plaintiff. The defendant, in his answer, denied plaintiff's allegation and prayed that the petition be dismissed.

On July 10, 1973, the date set for trial, neither the plaintiff nor her

attorney were present in court. On defendant's motion, the cause was dismissed for want of prosecution. On May 31, 1974, the dismissal for want of prosecution was vacated and the cause was set for trial on July 8, 1974.

The defendant was subsequently granted leave to amend his answer following a substitution of counsel. The trial date was rescheduled and then continued by agreement until September 19, 1974. On that date, defendant filed a "Notice to Compel Appearance and to Produce." The attached affidavit of service evidenced that copies of the notice had been mailed on September 13, 1974, to both the plaintiff and her attorney. The notice informed plaintiff that she was required to appear in court on the date set for trial and to produce certain monthly bank statements, a copy of the foreign decree, and a list of plaintiff's assets. Neither the plaintiff nor her attorney appeared in court on September 19, 1974. On that date, plaintiff's cause was "dismissed with prejudice" for want of prosecution.

The plaintiff was granted leave by the trial court to file a motion to vacate the order of dismissal; a "Notice of Motion" was filed by plaintiff on October 16, 1974. On November 8, 1974, plaintiff filed a "Motion to Set Aside Default" pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)). On November 15, 1974, the trial court "* * * having heard statements by counsel, and being fully advised in the premises," sustained plaintiff's motion to vacate. The plaintiff was allowed 20 days to answer defendant's amended answer and the cause was set to be heard in January 1975.

The defendant argues that the order of dismissal for want of prosecution with prejudice should not have been vacated where the case had previously been dismissed for want of prosecution, and that to do so upon an "unsupported" notice of motion was an abuse of the trial court's discretion. Defendant argues that the plaintiff's motion to vacate was unsupported, in that plaintiff failed to present any supporting affidavits and good cause was not shown as a matter of record. He contends that where an order of dismissal is entered "with prejudice," the proper relief is an appeal from that order rather than a motion to vacate. The defendant would have this court hold that the instant order of dismissal was an involuntary dismissal and, therefore, under Rule 273 of the Supreme Court Rules (Ill. Rev. Stat. 1973, ch. 110A, par. 273), it operated as an adjudication upon the merits and precluded plaintiff's motion to vacate.

We do not agree with the position taken by the defendant. Although no brief was filed by the appellee in this matter, this court will decide the case on its merits.

■■ Supreme Court Rule 273 provides as follows:

"Unless the order of dismissal or a statute of this State otherwise

specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Ill. Rev. Stat. 1973, ch. 110A, par. 273.)

There can be no doubt that the instant order of dismissal for want of prosecution with prejudice was an involuntary dismissal; however, we do not agree that the order of dismissal here operated as a final adjudication upon the merits of the action. Section 50(5) of the Illinois Civil Practice Act provides:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1973, ch. 110, par. 50(5).

In the instant case, the order of dismissal was entered on September 19, 1974. On October 16, 1974, plaintiff filed her "Notice of Motion" within 30 days of the order of dismissal. The defendant was served with copies of the notice which fully set forth the grounds for plaintiff's motion. The trial court, acting within its discretion, granted plaintiff leave to file her "Motion to Set Aside Default" which she did on November 8, 1974.

It is undisputed that section 50(5) (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)) no longer mandates that affidavits be submitted in support of a motion to vacate an order of dismissal. The defendant, however, maintains that supporting affidavits should be submitted where good cause for the vacation is not shown as a matter of record and the order to be vacated was entered with prejudice. We agree. It is stated in the Historical and Practice Notes to section 50(5) (Ill. Ann. Stat., ch. 110, par. 50(5), Historical and Practice Notes, at 404 (Smith-Hurd 1968)), that:

"The deletion of the requirements that a motion to vacate must be supported by affidavits showing good cause does not mean that good cause need not be shown. Quite the contrary. A bare motion to vacate, without more, is insufficient. Good cause must appear or be made to appear of record."

■■■ We believe that in the instant case, good cause in support of plaintiff's motion to vacate was apparent as a matter of record and it was not necessary for plaintiff to tender affidavits. The record reveals that plaintiff was before the court on a matter of support, regarding a substantial arrearage in child support payments. The payments were intended to provide for the care of the Wiggins' four minor children. Mrs. Wiggins is now a resident of the State of Washington. At the time she filed her petition in the Illinois circuit court, Mrs. Wiggins resided in that State. She was located in Washington during the entire time that the petition was before the Illinois court, and was represented by her Chicago attorneys.

The record further reveals that there were numerous substitutions of counsel by the parties. The plaintiff made two substitutions of counsel. The first substitution followed the first dismissal of plaintiff's cause, and the second substitution followed the second dismissal of the case. The record thus evidences that plaintiff pursued her cause with diligence and continuously sought to be represented in the matter by adequate counsel. Under the circumstances, the trial court acted reasonably and within its discretion when it sustained plaintiff's motion and thereby refused to penalize her for the inaction of her prior counsel. The plaintiff's petition stated good cause for equitable relief and the trial court did not err in allowing her to appear with counsel and present her case. The defendant was not prejudiced in any way by the decision of the trial court to hear the merits of the plaintiff's case.

In *Yott v. Yott* (1913), 257 Ill. 419, 423, 100 N.E. 902, the Illinois Supreme Court held that:

> " * * * [E]ach case must be judged by its own facts and circumstances. It is the duty of a complainant to prosecute his suit with diligence and if there is unreasonable delay his bill ought to be dismissed, but the purpose of courts and of the law is to accomplish justice, and to give to every litigant an opportunity to present his cause if he has not been guilty of such negligence as to forfeit his right."

To permit plaintiff to have her day in court is based upon substantial principles of right and wrong and is to be exercised for prevention of injury and for furtherance of justice. (*Diner's Club, Inc. v. Gronwald* (1976), 43 Ill. App. 3d 164, 356 N.E.2d 1261.) The ends of justice dictate that this matter be heard on its merits.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and LINN, J., concur.